ROBERT H. M. POTTER, Respondent, *v.* GRANT H. BROWNE, Appellant.

Witnesses — when unfriendly witness may be cross-examined for the purpose of showing that he is biased or hostile to party against whom he is called to testify — when other witnesses may not be examined upon collateral issues brought out upon such cross-examination.

Unless a witness unqualifiedly admits that he is actuated by motives of hostility against a party, cross-examination for the purpose of showing that he is biased against, or hostile to the party against whom he is called to testify, is permissible. When the witness denies bias or hostility absolutely, or admits it with qualifications, the party cross-examining may properly supplement such denial or qualified admission by giving testimony tending to show affirmative acts or declarations of hostility. But he cannot draw from another witness his own declarations and mental processes tending to disgrace or discredit the unfriendly witness.

Although a witness may be discredited or disgraced by his own admissions upon cross-examination, if the effort to obtain such admission fails, that collateral issue cannot be pursued by the examination of

other witnesses, since the cross-examining counsel is bound by the answers elicited on such examination.

*Potter* v. *Browne*, 125 App. Div. 640, reversed.

(Argued January 6, 1910; decided January 18, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George C. Lay* and *Frederick W. Garvin* for appellant. The court erred in admitting testimony of the defendant over the plaintiff's objection and exception upon the collateral matters of Claxton's misappropriation of money, the cruel beating of an apprentice and the reasons why Claxton was discharged. (Greenl. on Ev. [16th ed.] 450, 461b; *Newcomb* v. *Griswold*, 24 N. Y. 298; *Lawrence* v. *Barker*, 5 Wend. 301; *Howard* v. *City Fire Ins. Co.*, 4 Den. 502; *Stokes* v. *People*, 53 N. Y. 164; *People* v. *De Garmo*, 179 N. Y. 130; *Newton* v. *Harris*, 6 N. Y. 345; *Schultz* v. *T. A. R. R. Co.*, 89 N. Y. 242; *Gumby* v. *M. S. R. Co.*, 65 App. Div. 39.) The defendant did not have a fair trial by reason of the conduct of plaintiff's counsel in presenting Henry Meringer as a witness to prove that he was beaten with a chain, when counsel knew that such evidence was incompetent and inadmissible and calculated to discredit his testimony and prejudice the jury against the witness. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507; *Connolly* v. *B. H. R. R. Co.*, 179 N. Y. 7; *People* v. *Davey*, 179 N. Y. 345; *Manigold* v. *B. R. T. Co.*, 81 App. Div. 381; *Strickland* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 367.)

*James W. Osborne* and *Gilbert D. Lamb* for respondent. The contradictions of the witness Claxon were properly allowed in order to show his hostility toward the plaintiff. (*Schultz* v. *T. A. R. R. Co.*, 89 N. Y. 242; *Newton* v. *Har-*

*ris,* 6 N. Y. 345; *Gumby* v. *M. S. Ry. Co.,* 65 App. Div.
41; *McGuire* v. *Hughes,* 126 App. Div. 637; *Neumeyer* v.
*Hooker,* 131 App. Div. 592; *People* v. *Brooks,* 131 N. Y.
321; *Lamb* v. *Lamb,* 146 N. Y. 327; *Brink* v. *Stratton,* 176
N. Y. 150; *Gurnsey* v. *Rhodes,* 138 N. Y. 461.) The ques-
tion of plaintiff's counsel to the witness Meringer, asking if he
had been beaten by Claxon, presents no question for review
in this court (*Dimon* v. *R. R. Co.,* 173 N. Y. 356; *Cossel-
mon* v. *Dunfee,* 172 N. Y. 507; *Manigold* v. *B. R. T. Co.,*
81 App. Div. 381.)

WERNER, J. This action was brought to recover the unpaid
balance of the purchase price of a number of mares and a
stallion which the plaintiff sold to the defendant. The latter
interposed the defense of false representations and breach of
warranty. The issues framed by the pleadings were sharply
contested at the trial which resulted in a verdict for the plain-
tiff. From the judgment entered upon the verdict, and
from the order denying a motion for a new trial, the defend-
ant appealed to the Appellate Division where there was a
unanimous affirmance, from which the defendant now appeals
to this court. His counsel, recognizing the limitations of the
jurisdiction of this court under these circumstances, relies
solely upon a series of exceptions to rulings made by the trial
court in admitting incompetent evidence at the instance of
the plaintiff. We think these exceptions were well taken
and that the errors of the trial court upon which they are
based were so substantial in their probable influence upon the
result as to require a reversal of the judgment. This can be
demonstrated by the statement of a few additional facts in
connection with the rule of evidence which was clearly vio-
lated in the admission of the incompetent testimony to which
reference has been made.

The defendant, in seeking to establish the defenses set up in
his answer, called as a witness one Claxon, a horse trainer,
who had formerly been employed by the plaintiff, but had
left him to enter the service of the defendant. This witness

gave testimony which bore so directly and cogently upon the main issue of fact as to suggest to the counsel for the plaintiff the propriety, and perhaps the necessity, of showing that the witness was biased or influenced by a spirit of hostility toward the plaintiff. To that end counsel for the plaintiff subjected the witness to a searching and exhaustive cross-examination in the course of which the witness reluctantly admitted that, instead of voluntarily leaving the employment of the plaintiff, he had been discharged. Counsel sought to extract from him the admission that he had been discharged because he had been accused by the plaintiff of misappropriating money belonging to the latter, and for cruelly beating a boy who was an apprentice or understudy also employed by the plaintiff. This effort was only partially successful, for the defendant, while admitting that he had been accused of beating the boy, denied that he was charged with using a chain, and asserted that the plaintiff taxed him with having used a rope, which he denied, but admitted the beating. He denied absolutely the counsel's imputation that he had been charged by the plaintiff with misappropriating money, but admitted writing a letter to the plaintiff's wife, in which he expressed his resentment at the plaintiff's attitude towards him. He also admitted a conversation with the clerk of a New York hotel, in which that letter was referred to. This line of cross-examination culminated in an admission by the witness that he had entertained bitter feelings towards the plaintiff, although he tried to make it appear that no such feeling actuated him in testifying as a witness for the defendant.

This cross-examination was clearly permissible under the rule which permits a party against whom testimony is given to show that the witness giving it is actuated by motives of hostility. The reason of the rule necessarily implies that when the witness unqualifiedly admits his hostility there is neither necessity nor propriety in further pursuing the inquiry. But when he denies it absolutely, or, as in the case at bar, admits it with qualifications, the party invoking the rule may properly supplement the denial or qualified admission by giv-

ing testimony tending to show affirmative acts or declarations of hostility. This is what the plaintiff's counsel undertook to do when he recalled his client in rebuttal. Had he kept within the clearly-defined boundaries of the rule no just criticism could be made of his effort. Instead of calling for the acts and declarations of the hostile witness, however, he propounded a series of questions which drew from the plaintiff his own declarations and mental operations, and not those of the hostile witness. The plaintiff gave his version of what he said in discharging the witness, but made no reference to anything said by the witness. This phase of the case is forcibly illustrated by a short excerpt from the record. After the plaintiff had testified to the fact that when he discharged Claxon he had charged the latter with misappropriating money and with beating the apprentice boy, he was asked by counsel to state the whole of the conversation. The renewed objection of defendant's counsel elicited from the court the suggestive interrogatory, " Do you want to limit that inquiry to the fact of the discharge and the reason of it ? " to which plaintiff's counsel replied, " Not one word beyond that." Thereupon the court overruled the objection of defendant's counsel, and plaintiff's counsel then pursued the inquiry as follows: " The court will allow you to give the conversation with Claxon on the subject of his discharge, and the reasons for it and nothing else." A further objection from defendant's counsel, followed by an adverse ruling of the court, then led the plaintiff's counsel to admonish his client, " You are to confine your remarks absolutely to your reasons for discharging Claxon; that is all." What followed need not be discussed in detail. It is enough to say that the examination was confined strictly to the declarations and mental processes of the plaintiff at the time he discharged Claxon, and disclosed not a single act or declaration of Claxon.

The bare statement of this procedure discloses that the plaintiff, under the guise of showing that Claxon was hostile to him, was in fact permitted to testify to his own acts and declarations tending to disgrace or discredit Claxon. Under

cover of one simple rule of evidence, plaintiff's counsel was permitted to violate another rule equally simple. The well-settled rule invoked by counsel for the plaintiff is that which permits a party to show the hostility of a witness toward him. This may be done by proving the hostile acts or declarations of the witness, either out of his own mouth or from the lips of others. (1 Greenleaf on Ev. [16th ed.] sec. 450; *Newton* v. *Harris*, 6 N. Y. 345; *Schultz* v. *Third Ave. R. R. Co.*, 89 N. Y. 242; *People* v. *Brooks*, 131 N. Y. 321; *Garnsey* v. *Rhodes*, 138 N. Y. 461; *Lamb* v. *Lamb*, 146 N. Y. 317; *Brink* v. *Stratton*, 176 N. Y. 150.) Equally well settled is the rule, violated by counsel, that although a witness may be discredited or disgraced by his own admissions upon cross-examination, that collateral issue cannot be pursued to the extent of accomplishing the same result through the acts and declarations of others. The reason of the rule is obvious. Since the credibility of a witness is a purely collateral issue, the cross-examining counsel is bound by the answers elicited by the questions pertinent to the subject. This rule is rendered necessary to the orderly and expeditious administration of justice. Without it collateral issues might be multiplied *ad infinitum*. But it is also necessary because it would be repugnant to the plainest principles of justice to permit a witness to be discredited by another who testifies merely to declarations of his own thoughts and acts. A witness may upon cross-examination be compelled to disclose any vicious or criminal act of his life, unless he asserts his privilege. Such testimony bears simply upon his credibility. If the effort to obtain such admissions fails, however, it cannot be supplemented by the declarations of other witnesses. (*Stokes* v. *People*, 53 N. Y. 164; *People* v. *Greenwall*, 108 N. Y. 296; *People* v. *Webster*, 139 N. Y. 73, 84; *People* v. *De Garmo*, 179 N. Y. 130.)

It is suggested by counsel for the plaintiff that even if the evidence thus introduced by him was incompetent it was harmless. If that were plainly shown by the record the error might be overlooked. The indications and probabilities are,

however, all to the contrary. The main issue in the controversy, which was closely contested, depended in large part upon the testimony of Claxon. If the jury had believed him they would probably have found a verdict for the defendant. The verdict for the plaintiff necessarily implies a lack of confidence in the credibility of this important witness. We cannot say that the method by which his credibility was attacked was not the most persuasive factor in the case. The error which we have discussed was followed by an unsuccessful attempt to commit another which must have had its influence upon the jury. The effort to prove by the boy Meringer that Claxon had in fact beaten him with a chain was so palpably unwarranted that nothing but an adverse ruling from the court could have been expected by counsel. As the ruling which excluded this evidence was clearly right, the incident is of no importance, except to indicate that the incompetent evidence which was admitted lost none of its possible influence through this supplemental appeal to sheer prejudice.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT, J., absent.

Judgment reversed, etc.