FRANK A. SMITH, Respondent, *v.* CHILE EXPLORATION COMPANY, Appellant.

First Department, December 3, 1926.

**Master and servant — action for breach of contract of employment — action is based on alleged stipulation to pay plaintiff's transportation home from Chile if plaintiff were discharged — plaintiff resigned after being charged with crime and threatened with arrest — questions of fact were closely contested — verdict on issue of duress in favor of plaintiff — witnesses — credibility — plaintiff on cross-examination of defendant's principal witness asked witness if he had not made improper advances to plaintiff's wife — witness answered in negative — prejudicial error to permit plaintiff's wife to testify that said witness had made improper advances — case does not fall within exception authorizing affirmative proof of hostile acts and declarations denied by adverse witness.**

In an action to recover damages for an alleged breach of contract of employment based on a stipulation in the contract that the defendant would pay the plaintiff's transportation home from Chile if the plaintiff were discharged, in which it appears that the plaintiff resigned when he was charged with crime and threatened with arrest, and in which he contended that the resignation was the result of duress, the jury found a verdict in his favor upon the closely contested issue of duress.

The judgment is reversed for prejudicial error committed on the trial, since it appears that the plaintiff was permitted, after asking one of defendant's witnesses who was defendant's manager, if the witness had not made improper advances to the plaintiff's wife, which the witness denied, to introduce testimony by plaintiff's wife to the effect that defendant's witness had made improper advances to her.

The plaintiff was bound by the answer given by the adverse witness and did not have the right to introduce the collateral issue. The circumstances do not bring this action within the rule that where an adverse witness on cross-examination denies acts or declarations on his part showing hostility or malice against a party, such acts or declarations may be proved by the testimony of other witnesses. That exception is limited to acts and declarations which are unequivocal and which of themselves establish the hostility of the witness.

The prejudice to the defendant arising from the admission of the testimony by the plaintiff's wife was not overcome by the subsequent instructions of the court, for, while the court endeavored to impress the jury that the testimony was introduced to impeach the credibility of defendant's witness, the very fact that the court dwelt at length upon that question tended to accentuate the adverse impression which might have been created against the defendant's witness.

MERRELL and BURR, JJ., dissent.

APPEAL by the defendant, Chile Exploration Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of February, 1926, upon the verdict of a jury.

*Harold A. Callan* of counsel [*Chadbourne, Stanchfield & Levy,* attorneys], for the appellant.

*John J. Meara* of counsel [*Cantwell & Meara,* attorneys], for the respondent.

FINCH, J.    The plaintiff sues for damages for breach of a provision of a contract of employment which requires the defendant to pay plaintiff three months' salary and his expenses home in the event of his discharge.    The plaintiff's contention is that the defendant, on whose plantation in Chile the plaintiff was employed, made false charges against the plaintiff and threatened to cause his incarceration in jail if he did not resign, for the purpose of forcing plaintiff to resign and thus save the necessity of making the payments provided for by the contract of employment.    Upon the trial the plaintiff testified in his own behalf to the effect that he was called before the defendant's general manager, Mr. Baseden, and charged with various acts constituting so-called grafting and with improperly disposing of property of the defendant; that he was confronted with numerous witnesses; that the police commissioner was present and that the plaintiff was given the choice of resigning or being arrested.    On behalf of the defendant, its manager, Mr. Baseden, testified that upon hearing rumors that the plaintiff was receiving graft and doing other acts in violation of his duty to the defendant, he made charges against the plaintiff; that plaintiff, upon being confronted with the witnesses, not only tendered his resignation, but asked the defendant to kindly accept it.    The defendant, in addition to the testimony of Baseden in court, submitted depositions of several other persons taken in Chile.

The case was submitted to the jury upon the issue whether the plaintiff's resignation was his voluntary act or whether it was obtained by duress, in which latter event the court charged it would be in effect a discharge of the plaintiff by the defendant and would entitle the plaintiff to a recovery under the contract. The court further instructed the jury that if they found the plaintiff was confronted with charges which were embarrassing, whether true or false, and plaintiff, realizing the superior force, power and influence of the defendant or its employees who were making the charges, in the exercise of his own judgment and without any threat of arrest, decided to write out his resignation and return to the United States, he was not entitled to recover.    The case was thus narrowed down to a single issue of fact, namely, whether or not the plaintiff wrote out his resignation under the coercion of threats of arrest.    The determination of this issue depended largely upon whether the jury believed the testimony of the

plaintiff or that of the defendant's witness Baseden. The issue was a closely contested one and the jury, after an absence of several hours and a request for additional instructions, rendered a verdict in favor of the plaintiff. The judgment entered upon said verdict must be reversed for the reason that there was prejudicial error in pressing a collateral issue which was first raised in connection with the cross-examination of the defendant's witness Baseden. On cross-examination this witness was asked whether he had not made improper advances to the plaintiff's wife, which he denied. Subsequently, the plaintiff's wife was put on the stand and allowed to testify, over objection and exception, that the said witness had been accustomed to visit at the home of the plaintiff and his wife and upon the occasion of such a visit, in the absence of the plaintiff, had made improper advances to her, describing the actions of the said witness Baseden in this respect. The introduction of this testimony was permitted upon the ground that it tended to show bias and to affect the credibility of the witness. The court stated: " The only bearing it would have would be on the credibility of Mr. Baseden's testimony as a witness and to enable the jury to determine whether or not he was biased or actuated by some other motive than the performance of his duty toward the defendant in his investigations of the plaintiff and in his testimony here. It is for the jury to consider, not as an issue in the case, not as proof of the fact as to whether Mr. Baseden made improper advances, but as bearing on the probabilities of such a circumstance influencing Mr. Baseden's testimony. That is the only bearing that it has. I will instruct the jury very carefully on that point."

As noted, however, the issue which was presented to the jury was whether the plaintiff exercised his own free will in writing out his resignation. Upon this issue any relationship between the wife of the plaintiff and the defendant's witness Baseden could have no possible bearing. It was a wholly collateral issue. The rule is well established that while a witness upon cross-examination may be questioned concerning collateral matters tending to impair the credibility of the witness, the examining party is bound by the answers of such witness and may not contradict the witness on such collateral issues by the testimony of other witnesses. As was said by Judge WERNER in *Potter* v. *Browne* (197 N. Y. 288): " Equally well settled is the rule, violated by counsel, that although a witness may be discredited or disgraced by his own admissions upon cross-examination, that collateral issue cannot be pursued to the extent of accomplishing the same result through the acts and declarations of others. The reason of the rule is obvious. Since the credibility of a witness is a purely collateral issue, the

cross-examining counsel is bound by the answers elicited by the questions pertinent to the subject. This rule is rendered necessary to the orderly and expeditious administration of justice. Without it collateral issues might be multiplied *ad infinitum.* But it is also necessary because it would be repugnant to the plainest principles of justice to permit a witness to be discredited by another who testifies merely to declarations of his own thoughts and acts. A witness may upon cross-examination be compelled to disclose any vicious or criminal act of his life, unless he asserts his privilege. Such testimony bears simply upon his credibility. If the effort to obtain such admissions fails, however, it cannot be supplemented by the declarations of other witnesses. (*Stokes* v. *People,* 53 N. Y. 164; *People* v. *Greenwall,* 108 N. Y. 296; *People* v. *Webster,* 139 N. Y. 73, 84; *People* v. *DeGarmo,* 179 N. Y. 130.)"

There is an exception to this rule, namely, that where an adverse witness on cross-examination has denied acts or declarations on his part showing hostility or malice against a party, such acts or declarations may be proved by the testimony of other witnesses. (*Schultz* v. *Third Avenue R. R. Co.,* 89 N. Y. 242.) Such exception, however, is limited to acts and declarations which are unequivocal and which of themselves directly establish the hostility of the witness. This the court in the case above cited was very particular to point out, stating: " The evidence to show the hostile feelings of a witness when it is alleged to exist should be direct and positive, and not very remote and uncertain, for the reason that the trial of the main issues in the case cannot be properly suspended to make out the case of hostile feeling by mere circumstantial evidence from which such hostility or malice may or may not be inferred."

This limitation of the exception to acts or declarations which are direct and positive is reiterated again and again in the cases. (*Brink* v. *Stratton,* 176 N. Y. 150, 152; *People* v. *Brooks,* 131 id. 321, 326.) In the case at bar the plaintiff did not seek to show hostility on the part of the witness Baseden by any positive acts or declarations, but attempted to establish such hostility by showing that the said Baseden had made improper advances to the plaintiff's wife and had been repulsed, from which alleged facts the plaintiff asked the jury to draw the inference that Baseden was hostile to the plaintiff and in revenge had not only instituted false charges against plaintiff for the purpose of having him discharged, but had also testified falsely as to what occurred at the time such charges were called to the plaintiff's attention. There was thus injected into the case a number of collateral issues concerning the facts testified to by the plaintiff's wife, and the inferences to be drawn from those facts, if they existed, involving incidentally the credi-

bility of the plaintiff's wife, who was herself in the position of an interested witness.

It is thus seen that the case does not fall within the exception to the rule against pursuing collateral issues brought out on cross-examination. The introduction of this testimony was substantially prejudicial to the defendant. This prejudice to the defendant was in no wise overcome by the subsequent instructions of the learned court in its charge to the jury. While the court clearly intended to impress upon the jury the importance of doing justice between the parties in spite of the charge that Baseden had attempted to assault the plaintiff's wife, the very fact that the court dwelt at length upon an attempt alleged to have been made against the plaintiff's wife while so far removed from her native land would tend rather to accentuate than otherwise any adverse impression which might have been created against Baseden. As was further said by Judge Werner in *Potter* v. *Browne (supra)*: " It is suggested by counsel for the plaintiff that even if the evidence thus introduced by him was incompetent it was harmless. If that were plainly shown by the record the error might be overlooked. The indications and probabilities are, however, all to the contrary. The main issue in the controversy, which was closely contested, depended in large part upon the testimony of Claxon. If the jury had believed him they would probably have found a verdict for the defendant. The verdict for the plaintiff necessarily implies a lack of confidence in the credibility of this important witness. We cannot say that the method by which his credibility was attacked was not the most persuasive factor in the case. The error which we have discussed was followed by an unsuccessful attempt to commit another which must have had its influence upon the jury. The effort to prove by the boy Meringer that Claxon had in fact beaten him with a chain was so palpably unwarranted that nothing but an adverse ruling from the court could have been expected by counsel. As the ruling which excluded this evidence was clearly right, the incident is of no importance, except to indicate that the incompetent evidence which was admitted lost none of its possible influence through this supplemental appeal to sheer prejudice."

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

Clarke, P. J., and Martin, J., concur; Merrell and Burr, JJ., dissent and vote for affirmance.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.