THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL E. ALLEN, Appellant.

Argued March 5, 1940; decided April 16, 1940.

*Thurlow W. Southwick* for appellant. Defendant was deprived of a fair trial by the admission of evidence of other crimes unconnected with that charged in the indictment. (*People* v. *Molineux*, 168 N. Y. 264; *People* v. *Sharp*, 107 N. Y. 427; *Coleman* v. *People*, 55 N. Y. 81; *People* v. *Shea*, 147 N. Y. 78.)

*Donald M. Mawhinney, District Attorney* (*Arthur W. Wilson* of counsel), for respondent. A defendant in a criminal action who offers himself as a witness may be interrogated as to any vicious or criminal acts of his life. (*People* v. *Casey*, 72 N. Y. 393; *People* v. *Hinksman*, 192 N. Y. 421; *People* v. *Webster*, 139 N. Y. 73; *Brandon* v. *People*, 42 N. Y. 265; *People* v. *Giblin*, 115 N. Y. 196; *People* v. *McCormick*, 135 N. Y. 663.) Evidence of other crimes is properly admissible when it tends to prove the identity of the person charged with the commission of the crime on trial. (*People* v. *Grutz*, 212 N. Y. 72; *People* v. *Harvey*, 235 N. Y. 282; *People* v. *Marrin*, 205 N. Y. 275; *People* v. *Morse*, 196 N. Y. 306; *People* v. *Molineux*, 168 N. Y. 264; *People* v. *Governale*, 193 N. Y. 581; *People* v. *Rogers*, 192 N. Y. 331; *People* v. *Van Tassel*, 156 N. Y. 565; *People* v. *Peckens*, 153 N. Y. 576; *People* v. *Murphy*, 135 N. Y. 450; *People* v. *Rogers*, 71 Cal. 565.)

*Per Curiam.* We agree with the Appellate Division that the attempted proof of other crimes was erroneously admitted. The only question that remains is whether the error may be overlooked as immaterial. Its nature was such that it seems impossible to say that it was not prejudicial to the defendant.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and CONWAY, JJ., concur; SEARS and LEWIS, JJ., taking no part.

Judgments reversed, etc.