THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD ROSENTHAL, Appellant.— Judgment of conviction and order affirmed. Memorandum: The defendant was found guilty of the crimes of kidnapping, sodomy and assault in the second degree. The court sentenced the defendant to prison on the kidnapping conviction for a term of not less than twenty years nor more than life. Sentence was suspended on the assault and sodomy convictions. Our review of the evidence satisfies us of the defendant's guilt beyond a reasonable doubt. (*People* v. *Weiss*, 276 N. Y. 384, 387; *People* v. *Hope*, 257 id. 147, 151, 152, 153; *People* v. *Camp*, 139 id. 87, 92; *People* v. *De Leon*, 109 id. 226, 230; *Beyer* v. *People*, 86 id. 369, 373; *People* v. *Micelli*, 156 App. Div. 756; affd., 216 N. Y. 727; 35 C. J. § 3, p. 904.) The appellant expresses doubt as to our power to review that part of the judgment of conviction which relates to the assault and sodomy convictions on which sentence has been suspended. For the purpose of an appeal a conviction shall be deemed a final judgment although sentence thereunder has been suspended. (Code Crim. Proc. § 517.) We think it was error to admit the testimony of the boy witnesses Barton, Goff and Scully. (*People* v. *Allen*, 282 N. Y. 511.) But we think the error was not prejudicial to the defendant for the reason that the defendant admitted, on his cross-examination, that he had had, on many occasions, previous to the date in question, boys in his car

as late as three to four o'clock in the morning and that a boy had stayed overnight in his flat in the January preceding the event under review. In this respect, this case is distinguishable from *People* v. *Allen* (*supra*). We think the demurrer to the indictment was properly overruled. (Code Crim. Proc. § 279.) We also think the motion for a new trial based on the alleged misconduct of one of the jurors in failing to disclose, on his *voir dire*, that his son had been convicted of sodomy was properly denied. The juror's affidavit shows that he had completely forgotten the fact and that his verdict was not influenced by reason thereof and that he made no attempt to influence his fellow jurors in the verdict which was rendered. These statements were not controverted. The evidence clearly established the crimes charged and the error aforementioned did not affect the substantial rights of the defendant. Under these circumstances, the judgment should be affirmed. (Code Crim. Proc. § 542.) All concur, except Harris, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: The confrontation of the defendant on trial with the boys Barton, Goff and Scully and the receipt of their testimony was error. (*People* v. *Allen*, 282 N. Y. 511; *People* v. *Molineux*, 168 id. 264, 297.) The object of the district attorney in producing the three was to establish intent. The court correctly ruled that intent could not be shown in this manner, but received the testimony of such witnesses so that the jury could consider the same as bearing on the credibility of the defendant. Thus the jury was allowed to determine the credibility of the defendant by their belief or disbelief in whether he was telling the truth in reference to issues that were purely collateral and that had no bearing on the issue of his guilt or innocence. This was error. The record shows that in order to acquit the defendant the jury had to disbelieve the witness Feitshans and believe the defendant as to what took place, or did not take place, between Feitshans and the defendant at the home of the defendant. There is nothing in the record from which we can say that the error was immaterial. (The judgment convicts defendant of the crimes of kidnapping, sodomy and assault, second degree. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.