THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD
ROSENTHAL, Appellant.

Argued December 11, 1942; decided January 21, 1943.

*I. Maurice Wormser, John S. McGovern, Samuel Bader* and *Roland Segal* for appellant. The trial court committed reversible error in permitting the prosecution to offer, in rebuttal, evidence of previous similar offenses allegedly committed by the defendant upon other boys. (*People* v. *Allen*, 282 N. Y. 511; *People* v. *Hall*, 260 App. Div. 901; *People* v. *Wyett*, 49 Cal. App. 289; *State* v. *Gregorious*, 81 Utah, 33; *State* v. *McAllister*, 67 Ore. 480; *State* v. *Start*, 65 Ore. 178; *Abbott* v. *State*, 113 Neb. 517; *People* v. *Perry*, 277 N. Y. 460; *People* v. *DeGarmo*, 179 N. Y. 130; *Martin* v. *United States*, 127 F. 2d 865; *People* v. *Thompson*, 212 N. Y. 249; *People* v. *Felber*, 264 App. Div. 181; *People* v. *Richardson*, 222 N. Y. 103; *People* v. *Sing*, 242 N. Y. 419; *People* v. *Cascone*, 185 N. Y. 317.) The charge of the court was subject to the fundamental vice that it directed the jury to reject defendant's testimony if the jury was satisfied that the testimony on collateral matters, given by the three boys in rebuttal, was truthful. (*People* v. *Perry*, 277 N. Y. 460.)

*Leo J. Hagerty, District Attorney (John L. Kelly* of counsel), for respondent. The testimony of the witnesses Barton, Scully and Goff was properly admitted. (*People* v. *Molineux*, 168 N. Y. 264; *Commonwealth* v. *Turner*, 44 Mass. 19; *Martin* v. *United States*, 127 F. 2d 865; *Brunet* v. *The King*, 42 Dominion Law Reports, 405.) If error, this evidence should be disregarded under section 542 of the Code of Criminal Procedure.

RIPPEY, J. Upon an indictment containing three counts, the defendant was convicted in the Supreme Court of Erie County on September 11, 1941, of the crime of (1) kidnapping a boy sixteen years of age, and of committing upon him while under defendant's control and detention the crimes of (2) sodomy and (3) assault in the second degree. At the time of the commission of the alleged crimes, defendant was unmarried, thirty-one years of age, and

engaged in a radio service business in the city of Buffalo. He lived with his mother in the second story flat of a building at 1597 Hertel avenue. Defendant usually left his business establishment and returned to his home in the early morning hours. The complainant was a high school boy of Akron, N. Y., and unacquainted with defendant prior to the commission of the alleged crimes for which defendant was convicted.

The claim of the People is that defendant was returning home from his place of business in his automobile at about three o'clock on the morning of May 22, 1941, when he contacted the complainant on a bicycle on one of the streets of Buffalo and induced the boy by false representations and promises to accompany him home to stay overnight, that after they reached defendant's home the boy was detained against his will and that, while so detained, the boy was forced to submit to the commission upon him by defendant of the crime of sodomy. There was no claim on the part of the prosecution nor evidence that the defendant seized the boy or used any force in taking him into the automobile.

To establish the crimes charged, the People relied entirely for vital factors upon the testimony of the complainant. Unless the boy was confined or imprisoned or held to service or kept or detained against his will by defendant, the latter was not guilty of the crime of kidnapping. If the boy was a willing participant in the crime of sodomy, there could be no conviction of the defendant of that crime or of the attendant and associated crime of assault under the facts in the case. The court correctly submitted to the jury the question, as one of fact, as to whether the boy was an accomplice of defendant in the commission of the crime of sodomy. He also charged that if the jury should find that the boy was an accomplice, the defendant must be acquitted unless the testimony of the boy was corroborated by other evidence. The question of the accuracy of the charge on the subject of corroboration of the testimony of an accomplice is not open for our consideration since it is not raised by any exception to the charge. Under the provisions of section 399 of the Code of Criminal Procedure, there can be no conviction on the testimony of an accomplice alone but there must be other evidence independent of the evidence of the accomplice which in itself alone tends to connect the defendant

with the commission of the crime. In *People* v. *Feolo* (284 N. Y. 381) and *People* v. *Kress* (284 N. Y. 452) we have recently laid down rules applicable and necessary under the statute relating to the nature and character of the corroborative evidence as required by law.

The defendant testified in his own behalf and contradicted testimony of the boy upon which conviction was necessarily predicated. His credibility became a vital factor in his defense. Counsel for the People was permitted, over the objection and exception of defendant, to cross-examine defendant concerning other alleged similar crimes he had committed. There was no evidence that he had ever been before convicted of any crime whatsoever. The questions asked were not pertinent to any testimony given by defendant on his direct examination. He was asked by the prosecutor whether other boys on other occasions had been with him in his automobile between three and four o'clock in the morning and defendant replied in the affirmative; how they happened to be in his automobile, and defendant said he knew them and they drove around with him; whether he ever had with him a boy whom he did not know, and defendant said he never had such a boy with him; whether he had ever prevented any boy from attempting to get out of his automobile, and defendant denied that anything like that had ever occurred. Then the following questions and answers appear in the record: " Q. I will repeat it so you will understand it clearly. No question about it. You say you never at any time had a boy in your car other than the boys you were acquainted with, and never at any time tried to keep a boy in your car against his will? A. That is correct. Q. On or about January 18, 1940, were there two boys in your car you picked up at Delaware and Hertel? A. I never picked up any two boys at Delaware and Hertel. Q. And drove to Parkside and Hertel and drove behind a gas station? A. I don't remember anything like that. Q. Did you have these two boys (indicating), Mr. Rosenthal, in your car on or about January 18, 1940, picked them up at Hertel and Delaware? A. They don't even look familiar. Q. You deny you had these two boys in your car January 18, 1940? A. I don't remember ever having them in my car. Q. Do you deny you drove an automobile with these two boys in

it to Parkside and Hertel and drove behind the gas station? A. What gas station would that be? Q. Gas station at the northwest corner, Socony gas station at the northwest corner of Hertel and Parkside? A. Absolutely ridiculous. Q. Did you have these two boys in the back seat of your car and operate the automobile, the wheel, with the left hand and hold the right-hand door and attempt to keep these boys in the car against their will? A. I did not. That is absolutely ridiculous. * * * Q. Now, did you ever take a boy into your home and into the bed with you you had promised work? A. No. Q. On or about January 28, 1941, did you ever take a boy into your home and get him into bed with you and tell him you had to be to work early in the morning, that was the reason you wanted him to come home with you? A. No. Q. Did you ever see this boy before (indicating)? A. Yes, I did. I know him. Q. How long do you know him? A. Seen him around the last two years. Q. Did you ever have this boy at your home in bed with you? A. No, he wasn't in bed with me. He stayed at my home. Q. Where did he stay in your home? A. In his own room. Q. When was that? A. I am not sure of the day."

After the close of the defendant's case the District Attorney, over the objection and exception of the defendant, called the Barton, Scully and Goff boys, concerning whom he had cross-examined defendant, in rebuttal, who contradicted defendant as to matters which were brought out by the District Attorney on cross-examination. The defendant's attorney made motions to withdraw a juror and declare a mistrial on account of the admission of the rebuttal testimony, made motions to strike it from the record and preserved exceptions to the court's refusal to grant any of those motions.

The theory of the court was that he allowed the cross-examination and admitted the testimony on rebuttal solely on the question of the credibility of the defendant. The subjects of the cross-examination and the rebuttal testimony related to matters collateral to the issue in this case. The court charged the jury that they must not consider the evidence as any evidence of the commission by the defendant of any other crimes but that he (the court) had limited the effect of the testimony to the question of the credibility

of the defendant, to the question of whether or not he would be truthful in his denial of the transactions that the boy alleged occurred at defendant's residence, to which charge the defendant excepted. The court coupled with that the further charge that if the jury believed that any witness, defendant or otherwise, intentionally testified falsely to any material fact, the jury had a right, but they were not required to, but had the right to disregard the entire testimony. Such a charge, standing alone, was correct. But, coupled as it was with the erroneous statement of the grounds of the admissibility and materiality of the cross-examination and rebuttal testimony, the jury were bound to conclude that they might find defendant's whole testimony incredible if they believed he lied on his cross-examination by the prosecutor and that the witnesses called in rebuttal on the collateral matters told the truth. The prosecutor was bound by the answers on those subjects given by defendant on cross-examination. He could not contradict him by other witnesses. (*People* v. *DeGarmo*, 179 N. Y. 130; *People* v. *Perry*, 277 N. Y. 460.)

The District Attorney, however, did not produce the rebuttal evidence on the theory that it was admissible for the purpose of destroying the credibility of the defendant. During lengthy discussions between the court and counsel on the subject of the admissibility and materiality of the testimony, he clearly indicated that he was not offering it for any such purpose. Those discussions all took place in the presence of the jury. He made himself clear on his theory as to the materiality of the evidence when he finally said: " I want to make it plain I am offering this, so we have a clear understanding, I am offering the evidence of the previous witness and the next two witnesses [the three boys on rebuttal] under the same ruling established in the *Molineux* (*sic*) case, and another case (105 N. Y. 278), that it is permissible for the District Attorney to offer evidence of similar acts." In his brief upon this appeal, the District Attorney makes these statements: " The appellant is mistaken when he argues that the People offered this evidence for the purpose of showing that the defendant had an intent to commit sodomy. Such was not the contention of the People at the trial, neither was this the contention of the People before the Appellate Division. The contention of the

People has been throughout this case that this evidence was offered only and solely for the purpose of proving the true intent of the defendant, (1) to inveigle and (2) to detain." The jury thus understood that the District Attorney was offering the evidence to establish intent to inveigle and to detain by proving similar acts. We are unable to find anything in the decision in the *Molineux* case (168 N. Y. 264) or in the other case cited that authorizes the admission of such evidence to establish intent in connection with proof of the charge of the crime of kidnapping. The fact that the court said he declined to receive it on the ground urged by the District Attorney does not correct the error in its reception. Nor do we find any authoritative ruling for the admission of evidence of similar crimes to establish the criminal intent of a defendant in connection with the commission of any of the crimes with which the defendant in the case at bar is charged. The law bars admission of evidence of similar crimes. (*People* v. *Allen*, 282 N. Y. 511; *Martin* v. *United States*, 127 F. [2d] 865, 868.)

Furthermore, the evidence erroneously admitted on rebuttal opened the door for the inference that defendant had been perpetrating other crimes similar to those alleged to have been perpetrated in this case. In his summary the prosecutor alluded to the testimony given by the three boys. Additionally, he argued that the interest of the People demanded a conviction so as to " serve notice on these marauders on our streets and people with this sex mania they have to stop in the city of Buffalo," and to head off " other men in automobiles stalking our streets for sex, as well as gasoline," and that the defendant preyed upon boys between three and four o'clock in the morning other than the three boys who testified here and the complainant. Exceptions were taken to all these portions of the summary. Motions were made to strike them out and requests were made to the court to charge that they should be disregarded, but the motions were overruled and the requests denied and exceptions were preserved to the court's rulings.

The learned Appellate Division has unanimously held that the admission of the testimony referred to was erroneous but a majority of the justices felt that the error must be overlooked under the mandate of section 542 of the Code of Criminal Procedure. We cannot say that the error was immaterial. Unless the District

Attorney had felt that the cross-examination of the defendant in the matters alluded to and the rebuttal testimony were essential and material to his case, he would not have asked the questions or produced the witnesses on rebuttal. We concur in the statement of Judge HISCOCK made under similar circumstances, where he says in *People* v. *Sing* (242 N. Y. 419, 424): " When a district attorney so urgently relies upon incompetent evidence for the conviction of a defendant we feel quite confirmed in our opinion that it was important and not at all negligible." We think the errors complained of were so prejudicial to defendant that they cannot be overlooked.

We need not consider other alleged errors claimed by appellant to have been committed during the course of the trial.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN and LEWIS, JJ., concur with RIPPEY, J.; FINCH, J., concurs in result; CONWAY and DESMOND, JJ., dissent and vote to affirm under the provisions of section 542 of the Code of Criminal Procedure.

Judgments reversed, etc.