THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM J. McCORMICK, Appellant.

First Department, June 29, 1951.

*Elliott E. Vose* of counsel (*Martin Erdmann* with him on the brief; *Florence M. Kelley,* attorney), for appellant.

*Chester E. Kleinberg* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

HEFFERNAN, J. Defendant has appealed from a judgment of the Court of General Sessions convicting him of the crime of criminally concealing and withholding stolen property (Penal Law, § 1308) after trial before the court and a jury. Defendant was sentenced as a second felony offender to an indeterminate prison term of not less than five years nor more than six years which sentence he is now serving.

Defendant and an accomplice attempted to sell a stolen car and were apprehended in so doing. On this appeal defendant's main contention is that the court committed prejudicial error in permitting the prosecutor to contradict defendant's denials of collateral crimes by reading a purported confession which defendant denied making.

Defendant became a witness in his own behalf and by so doing exposed his credibility as a witness to impeachment by cross-examination concerning his prior specific acts of a vicious, immoral or criminal nature (*People* v. *Webster,* 139 N. Y. 73). On cross-examination of defendant the prosecutor in a series of questions asked him whether he had on a number of specific occasions purchased and passed counterfeit money. Upon defendant's negative response in each instance the prosecutor asked him whether he had ever told any one he had done so and defendant denied having made such admissions. The prosecutor then read a purported confession by defendant to that crime. The prosecutor showed defendant a typewritten statement purportedly bearing his signature and asked him whether he had read the contents. Defendant replied that he had. Defendant, however, denied making the declarations contained therein and said that the contents were untrue. Thereupon the prosecutor read the entire statement to him and the jury, what purported to be defendant's confession. While the purported confession was not formally introduced in evidence, for the purpose of this appeal it should be treated as though it had been. In reading to the jury the alleged confession of defendant, the prosecutor succeeded in introducing a direct contradiction of every answer which defendant had given him concerning crimes which were completely immaterial and collateral to the issues in the prosecution. The contradiction of defendant's denials of the

counterfeiting crimes by the use of his alleged confession was permissible under no theory. The prohibition against such contradiction is so fundamental that reference need be made to only a few of the cases in which it had been considered (*People* v. *De Garmo,* 179 N. Y. 130, *People* v. *Rosenthal,* 289 N. Y. 482).

The cross-examiner as a rule is bound by the answers to his questions on collateral matters. An inquiry as to immoral or criminal acts or conduct of a witness for the purpose of impeaching his credibility is purely collateral. Therefore, the cross-examiner is bound by the answers of the witness upon such matters and may not be contradicted in reference thereto (*Hoag* v. *Wright,* 174 N. Y. 36, *Potter* v. *Browne,* 197 N. Y. 288, 293). In the latter case the court said "The reason of the rule is obvious. Since the credibility of a witness is a purely collateral issue, the cross-examining counsel is bound by the answers elicited by the questions pertinent to the subject. This rule is rendered necessary to the orderly and expeditious administration of justice. Without it collateral issues might be multiplied *ad infinitum.*" It is the established rule that specific acts of a defendant in a criminal trial, unrelated to the offense with which he is charged by tending to show his bad character, may only be proven by his own admissions on cross-examination if he chooses to give testimony and then only to the extent that such acts tend to impeach his credibility as a witness (*People* v. *Nuzzo,* 294 N. Y. 227). There are but two exceptions to this rule. The first is statutory. When a witness denies that he has been convicted of a crime the cross-examiner is not concluded by that denial but may prove the conviction against him (Penal Law, § 2444, Civ. Prac. Act, § 350). The other exception which permits contradictions, despite the witness' denial operates when the inquiry concerns acts indicating interest, bias or hostility (*Hoag* v. *Wright, supra; Potter* v. *Browne, supra*). In this case, although defendant took the witness stand, he introduced no affirmative proof of good character. The fact that the alleged confession read by the prosecutor had been signed by defendant does not alter the applicability of the prohibition against contradiction (*People* v. *Brown,* 265 App. Div. 153, affd. 290 N. Y. 830).

The prosecutor contends that section 8-a of the Code of Criminal Procedure expressly permits the contradiction of a witness' denials of collateral acts of misconduct if that contradiction may be accomplished by producing a statement signed or sworn to by the witness. We think the prosecutor has mis-

interpreted and misconstrued the intention which this statute was designed to accomplish. It was adopted as a limited exception to the rule which forbids the impeachment of one's own witness. That such was the sole purpose is made clear by the Second Annual Report of the New York Judicial Council [1936, p. 175 *et seq.*], and the Third Annual Report of the same body for the year 1937 [p. 18] and the Fourth Annual Report in 1938 [p. 21]). These reports show that this statute (and its civil practice counterpart, Civ. Prac. Act, § 343-a) was designed only to correct the inequities occasioned by the fact that in many cases both sides were unfairly hampered by their inability to impeach unreliable witnesses upon whom they were compelled to rely. The prosecutor is relying on *People* v. *Sorge* (301 N. Y. 198) to sustain his contention that it was proper to read into the record defendant's alleged confession of counterfeiting crimes although that confession was never admitted in evidence and despite defendant's denials both of the crimes and the confession. We think the case cited is no authority for the prosecutor's contention. In that case, defendant, charged with abortion, was questioned about her part in other abortions which she denied. The prosecutor was permitted to question her further as to whether she had signed a statement admitting one of these abortions. There is nothing in the record to indicate that the statement was ever used to contradict her. The court there held that the cross-examiner, so long as he proceeded in good faith, was not concluded by the witness' denials from making further inquiries in the hope that she might change her answers. The court also explained that questions concerning the prior abortion to which the witness had evidently confessed were permissible despite her denials because it had been the basis for her former conviction of the crime of practicing medicine without a license, thus bringing the case within the express statutory exception.

We are convinced the trial court seriously erred in permitting the prosecutor to contradict defendant's denial of collateral crimes by reading into the record an alleged confession which defendant denied making. We think the error was material and highly prejudicial and that we may not overlook it under the mandate of section 542 of the Code of Criminal Procedure. We may not disregard a violation of a substantial rule of evidence merely because the prosecutor insists that defendant is guilty.

The judgment of conviction should be reversed and a new trial ordered.

COHN and CALLAHAN, JJ. (dissenting). The cross-examination of defendant by the District Attorney was entirely proper. In view of the written statements of defendant in the District Attorney's possession admitting the commission of the crimes concerning which defendant was being interrogated, the District Attorney acted in entire good faith in pursuing the cross-examination as he did in the hope of inducing the defendant to abandon his negative answers (*People* v. *Sorge,* 301 N. Y. 198, 200, 201; *People* v. *Jones,* 297 N. Y. 459). Moreover, the guilt of the defendant of the crime charged was clearly established. The judgment of conviction should be affirmed.

VAN VOORHIS and SHIENTAG, JJ., concur with HEFFERNAN, J.; COHN and CALLAHAN, JJ., dissent and vote to affirm, in opinion.

Judgment reversed and a new trial ordered.