■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY CHIRIELEISON, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of robbery in the first degree, and from intermediate orders. Judgment reversed on the law and the facts and a new trial ordered. Appellant offered no evidence but rested on the People's case. The People claim that this appellant, in conjunction with an accomplice who has not been apprehended, committed the crime for which appellant has been convicted. Appellant is a twin, and it is nowhere claimed that this twin was the accomplice. The entire case of the People hinges on appellant's identification by the person robbed, and the credibility given that testimony by the jury. Appellant claims several errors in the admission of evidence as well as the overactive participation in the conduct of the trial by the Judge presiding thereat. All but one of these may be disregarded pursuant to section 542 of the Code of Criminal Procedure. On its direct case, however, the

People, through the testimony of the arresting officer, was permitted, over the objection of appellant's attorney, to place in evidence a photograph of appellant's twin brother, which was produced from the files of the police department, long known as the "Rogue's Gallery". This photograph contained on its face a number and on its reverse side an inscription of the criminal record of appellant's twin brother. The error in admitting this photograph was not cured by the court's admonition that the jury was to disregard all writings thereon and was to consider only the picture in evidence. This exhibit necessarily did not impeach any testimony offered by the defense, for no testimony whatever had been offered at any time on appellant's behalf, and its introduction in this case must be deemed reversible error. (*People* v. *McCormick*, 278 App. Div. 410, 412; *People* v. *Nuzzo*, 294 N. Y. 227; *People* v. *Hagedorny*, 272 App. Div. 830; *People* v. *Infantino*, 224 App. Div. 193; *People* v. *Zackowitz*, 254 N. Y. 192; *People* v. *Swanson*, 278 App. Div. 846.) The proof of guilt, since it hinged entirely on appellant's identification by a single witness, was not so overwhelming that this error might be disregarded. (*People* v. *Caccamise*, 280 App. Div. 836; *People* v. *Mleczko*, 298 N. Y. 153, 163.) No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur. [See *post*, p. 905.]