THP PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JUAN BERRIOS, Appellant.

First Department, March 26, 1957.

*George H. Bailey* of counsel (*Florence M. Kelley,* attorney), for appellant.

*Richard H. Kuh* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Defendant has been convicted of attempted rape in the first degree on the wife of his brother. At some prior periods, but not at the time of the charged offense, he had lived within the household of the complainant and her husband. Sentence to a reformatory has been suspended and defendant placed on probation. The appeal from the judgment rests on two assigned errors in respect of admission of evidence.

On cross-examination the defendant was asked by the assistant district attorney whether he had used drugs and he denied such use. He was then asked whether, while in the Tombs awaiting trial on this charge, he was hospitalized "for a disease that is frequently caused by an infection of the blood stream."

Objection to this question was sustained and on further questions by the assistant district attorney defendant said he was hospitalized but did not know what the disease was. Upon the suggestion of the prosecutor that he had been hospitalized for hepatitis, his recollection was refreshed and he said he had ·yellow jaundice.

There followed this question: "Were you informed, or do you know, that the matter for which you were hospitalized is sometimes or frequently caused by dirty needles?" This question had no material or other foundation in the record to suggest that because defendant had hepatitis is was likely, or even reasonable to assume, that it had resulted from the use of needles which, in turn, had been used for injecting drugs. There is implicit in the question a knowledge by the prosecutor of such a probability and in the form and the context in which it was employed it was, in our view, improper.

Defendant on cross-examination was questioned on the issue of his credibility concerning his relationship with Irene

384

Maristani, a friend of the complainant, the complainant's husband, and of the defendant. He was asked whether he had ever appeared without his clothes in her presence, and answered in the negative.

The People then called Mrs. Maristani and there was a conference at the Bench between the court and counsel on the purpose of her testimony. One such purpose, as explained to the court, was to show that defendant had appeared without clothes before the witness as indicating prior conduct of the defendant similar to the charge here. The prosecutor contended that it would have probative value in the proof of the crime charged. The court advised counsel in the Bench conference that he would not receive the proposed proof for this purpose but, nevertheless, the prosecutor asked the witness what had happened at a particular date " when you were alone with " defendant.

Although objection was sustained we regard the question in this context thus framed before the jury as improper, even though as far as the interdiction of the court on the question was concerned, the record is somewhat open as to whether the prosecutor was required by the court to stop entirely the line of inquiry which had been discussed at the Bench. The question was not permitted under the New York rule in a prosecution for this kind of crime. (*People* v. *Allen*, 282 N. Y. 511; *People* v. *Rosenthal*, 289 N. Y. 482.) The errors thus considered are, in their cumulative effect, prejudicial.

The judgment should be reversed and a new trial ordered.

PECK, P. J., RABIN, FRANK, McNALLY and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered.