■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH WASHINGTON, Appellant.— Judgment reversed on the law and facts and a new trial granted. Memorandum: Defendant contends that his conviction of robbery in the first degree should be reversed because it is against the weight of the evidence and that it was error to permit the District Attorney to cross-examine defendant concerning the details of another crime. The complainant, who was the sole prosecution witness to the circumstances of alleged robbery, testified that while waiting for an elevator on the poorly lighted sixth floor of an apartment house he was jumped from behind, grabbed by somebody around the neck, that while struggling with two men about six others attacked him, threw him to the floor, that all of his assailants kicked him in the face and groin and that money was taken from his pocket. On his exit from the building he saw a group of men, including the defendant whom he had seen earlier on the premises. Complainant pointed out defendant to the police as one of the men who had assaulted him and as a result defendant, and only the defendant, was arrested, indicted and convicted of the crime. The identification of defendant by complainant as the sole perpetrator of the robbery was, in the light of all the proof, against the weight of the credible evidence (see *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Davino,* 288 N. Y. 423, 426–427). Defendant took the stand and steadfastly maintained his innocence. During his cross-examination the District Attorney interrogated defendant

concerning a prior conviction for assaulting a police officer and particularly asked him twice if he had kicked the officer in the groin. An objection was duly made to this effort to persuade the jury that defendant was an habitual groin kicker. The court instructed the prosecutor not to go further into the details. An effort was made by the court just before summation to correct this situation by its instruction to the jury to disregard what had happened between defendant and the police officer, " except the conviction of assault third degree ". Where, as here, there is no issue of intent, the use of evidence of uncharged crimes was clearly condemned in *People* v. *McKinney* (24 N Y 2d 180), in which the court stated that it serves no purpose " other than to raise an inference that a person is of a criminal disposition and therefore, likely to have committed the crime charged." (Citing *People* v. *Goldstein*, 295 N. Y. 61). The probative value of this evidence was outweighed by its prejudicial effect " and, under these circumstances, cannot be considered harmless error." (*People* v. *McKinney, supra*). *People* v. *Schwartzman* (24 N Y 2d 241) is clearly distinguishable on its facts. There the larceny conviction was based upon fraudulent commercial transactions and defendant's cross-examination related to 22 similar instances of misconduct. The majority in *Schwartzman*, citing *People* v. *Molineux* (168 N. Y. 264), stated that " evidence of other crimes has long been admissible to establish the motive or intention of a defendant" and " where intention to defraud is an essential element of the crime charged, such as here, evidence competent to establish criminal intention is not a collateral matter with respect to cross-examination ". How completely different is the case at bar where the prior assault conviction had no similarity whatsoever to the robbery charge and the interrogation sought only to demonstrate defendant's propensity to kick individuals in the groin. Such tactics by the prosecution were clearly condemned in *People* v. *Zackowitz* (254 N. Y. 192, 197); *People* v. *Kress* (284 N. Y. 452, 466); *People* v. *Russell* (266 N. Y. 147, 151–152); *People* v. *Rosenthal* (289 N. Y. 482, 487); *People* v. *Farricchia* (266 App. Div. 667). The prejudice created by the improper cross-examination and the weakness of the identification require, in the interest of fairness, that a new trial should be had. All concur, except Moule, J., who dissents and votes to affirm, in the following Memorandum: I dissent and vote to affirm. While there was a sharp question on identification, the jury chose to accept the complainant's testimony which was sufficient, if believed, to support the verdict of guilty beyond a reasonable doubt. The attempt by the District Attorney to elicit from defendant on cross-examination the circumstances of a previous crime does not in my opinion constitute reversible error. The question was objected to, the objection sustained and no answer given. Defendant could have been cross-examined on any vicious or criminal act which might have a bearing on his credibility. (*People* v. *Sorge*, 301 N. Y. 198; *People* v. *Schwartzman*, 24 N Y 2d 241.) However, proof could not be adduced in an attempt to show he had a propensity or predisposition to commit a certain type of crime. (*People* v. *Kress*, 284 N. Y. 452, 466, *supra*; *People* v. *Farricchia*, 266 App. Div. 667, *supra*.) But no such proof was adduced here and the mere asking of the question did not prejudice the defendant; particularly after the remarks of the court at the time the objectionable question was asked and again before summations. Since the details of the prior crime were not shown, we do not reach the issue of whether such questioning would be permissible as bearing on credibility or improper as tending to show a propensity to commit the crime charged. (Appeal from judgment of Erie County Court convicting defendant of robbery, first degree.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Bastow, JJ.