THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SULLIVAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 23, 1973, convicting him of bribe receiving in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. Defendant stands convicted of the crime of bribe receiving in the second degree (Penal Law, § 200.10) and, more particularly, accepting a $1,500 bribe to refrain from arresting certain persons found to be in possession of heroin. At the time, defendant was a police officer and he was charged with acting in concert with another police officer, Ronald Petro. The primary prosecution witnesses upon trial consisted of Petro, Frank Aguiar, who admittedly negotiated the bribery transaction

and gave Petro the $1,500, Edward McCormack and Timothy Mahoney, the last two of whom had been caught by the officers in possession of heroin and admittedly agreed at the time to pay their proportionate share of the $1,500 bribe, and Aguiar's then wife, who admittedly delivered $1,000 to her husband knowing that the money was to be used for an illegal purpose. Contrary to the trial court's view of the matter, *all* of these witnesses were accomplices as a matter of law (CPL 60.22, subd. 2; *People* v. *Beaudet,* 32 N Y 2d 371, 374–375; *People* v. *Kohut,* 30 N Y 2d 183; *People* v. *Mullens,* 292 N. Y. 408; *People* v. *Caldwell,* 9 A D 2d 921; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Winant,* 24 Misc. 361). Therefore, their testimony had to be corroborated by some independent evidence tending to connect defendant with the commission of the offense (CPL 60.22, subd. 1). No such evidence exists in this case. The only independent proof adduced was the fact that, according to police records, neither Mahoney nor McCormack was arrested by defendant or officer Petro at the time in question. This proof does not, standing alone, satisfactorily tend to connect defendant with the crime of bribe receiving, especially as proof of the elements of this type of crime is the same thing as proof of defendant's guilty connection therewith (see *People* v. *Mullens, supra,* pp. 415–416; *People* v. *Pauley,* 281 App. Div. 223). Hence, the judgment must be reversed and the indictment dismissed. If we were not dismissing the indictment, we would grant a new trial for errors in the charge on accomplice testimony. At the very least, the trial court should have instructed that Aguiar and Officer Petro were accomplices as a matter of law and that the status of the other main witnesses was for the jury to determine, with the court setting forth proper guidelines for the jury. Hopkins, Acting P. J., Cohalan and Christ, JJ., concur; Munder, J., concurs in reversing the judgment, but otherwise dissents and votes to order a new trial, with the following memorandum: In my opinion, a new trial is required because of prejudicial error in the charge to the jury. At one point, the court stated: " Now, the corroboration requirement in this case is fully met in the law when there is some non-accomplice testimony, such as the testimony from Frank Aguiar, Edward McCormack and Timothy Mahoney, that fairly tends to connect the defendant Robert Sullivan with the commission of the crime of bribe receiving ". This was tantamount to stating that the three named individuals were not accomplices as a matter of law. Defendant specifically objected to this portion, but to no avail. These three individuals, viz., Aguiar, McCormack and Mahoney, cannot be considered or lumped together as the majority seems to do. Each, according to his testimony, acted quite differently. I agree that Aguiar was an accomplice as a matter of law, and the court should have so charged. He obviously " participated " in the offense charged (CPL 60.22, subd. 2). He personally initiated the proposal with Officer Petro to release Mahoney and McCormack in exchange for a cash payment. He obtained the amount agreed upon and physically hand-delivered the bribe moneys. However, I am not convinced from the testimony that McCormack and Mahoney can be considered in the same light. For instance, McCormack's testimony revealed he did not have a role in arranging the bribe, he never saw the money change hands and he never paid any moneys to anyone for his release. Similarly, Mahoney never discussed any bribe offer with the policemen. He used heroin just before the police arrived and this undoubtedly had an effect on whether he had the requisite intent to participate in the crime (see *People* v. *Rosenthal,* 289 N. Y. 482, 484). It is true he admitted paying $500, but that money was given to Aguiar, not to defendant. In other words, there was sufficient conflict raised about the participation of McCormack and Mahoney so as to require that the issue of whether they were accomplices

be submitted to the jury as one of fact (3 Wharton's Criminal Evidence [13th ed.], § 645; *People* v. *Rosenthal, supra*; *People* v. *Clougher,* 246 N. Y. 106, 111). This was not done. I cannot vote with the majority for dismissal because I cannot agree with them that "no such [corroborative] evidence exists in this case". It is possible that a jury can find that McCormack and Mahoney were not accomplices and that their testimony tends to connect defendant with the offense charged. Considering that under the circumstances here no arrests were made, it is difficult not to conclude that defendant committed the crime charged. Whether the People can prove it by competent evidence is another question. At the same time, defendant is entitled to an error-free charge on the pivotal question of accomplices. He was denied it on this first trial and hence I vote for a new trial. Benjamin, J., dissents and votes to affirm.