THE PEOPLE OF THE STATE OF NEW YORK ex rel. MEYER POSTER, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeals from orders of the Supreme Court, made at Special Term, Clinton County, which sustained a writ of habeas corpus issued on behalf of relator and directed his return to the County Court of Kings County for resentence. In that court, on October 28, 1943, relator pleaded guilty to certain charges in an indictment, one of which accused him of the crime of incest and another of the crime of sodomy, each being separately charged as having been committed on the same calendar day. Separate and different sentences were imposed upon relator's conviction of said crimes, and they were directed to be served consecutively. Relator contends that this was in violation of section 1938 of the Penal Law, in that his plea of guilty rendered his conviction one for a single criminal act made differently punishable by different provisions of law. We do not agree. The aforesaid offenses constitute different crimes the commission of which require separate and different criminal acts. Their gravamen is different in law and in fact. Their nature and definition is such that they cannot merge in a single offense. The sentences were lawfully imposed. (Penal Law, § 2190, subd. 4.) Orders reversed on the law and facts and relator remanded to the custody of the Warden of Clinton Prison. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.

■

EVELYN G. BASCH, Respondent, v. JOSEPH BASCH, Appellant.— Appeal from an order of the Supreme Court, entered in Ulster County. The action is for a divorce and the order directs the payment to the plaintiff of money for the support of the children of the marriage. The appeal, however, is from that portion of the order only which, during the pendency of the action, directs the husband to give plaintiff the use of a house owned by the parties as tenants by the entirety and which orders that the husband remove himself from such premises. The general power to direct this disposition of real property unconditionally as part of a judgment in a matrimonial action has been denied (Cox v. Cox, 266 App. Div. 38) and even as a temporary arrangement it is open to doubt; but here the affidavit of the husband's lawyer on the motion seemed to offer such a disposition as one of the solutions available to the Special Term in such form and in such language that the husband is estopped on this question. Order unanimously affirmed, with $10 costs and printing disbursements. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.