UNITED STATES, Appellee
v.
WALTER W. CLARK, Private E–2, U. S. Army, Appellant
2 USCMA 437, 9 CMR 67

No. 1042

Decided May 1, 1953

LT COL James C. Hamilton, U. S. Army, and 1ST LT Thomas E. Cole, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Bernard A. Feuerstein, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

In this case the accused, Clark, was convicted of rape[1] by a general court-martial sitting at Kunsan, Korea. He was sentenced to receive a dishonorable discharge, to forfeit all pay and allowances, and to be confined at hard labor for fifteen years. The convening authority approved, and a board of review in the office of The Judge Advocate General, United States Army, affirmed the findings and sentence. This Court granted the accused's petition for further review, limited, however, to the following question:

"Whether the law officer erred in telling the court that carnal knowledge was not a lesser included offense in the charge of rape."

II

Accused's alleged victim was a Korean girl about nine years of age. After the case had been submitted to the members of the court-martial, and after they had been in deliberation for some thirty minutes, the court was reopened. At this juncture the law officer was requested by the president to instruct the court on the question of whether the offense of carnal knowledge was a lesser offense included within the crime of rape charged—thus permitting a finding of the former through exceptions and substitutions. The law officer responded by charging that the lesser offenses included within that alleged were assault with intent to commit rape, assault and battery, and assault. Pressed further for a direct reply to the initial inquiry, the law officer instructed specifically that a finding of guilt of carnal knowledge could *not* be returned through the use of exceptions and substitutions. The court thereafter retired and subsequently returned its findings of guilty of rape.

III

It is not necessary that we decide whether carnal knowledge is—in some other or in all cases—a lesser offense included within a charge of rape—for, even though we were to assume the answer to be in the affirmative, we would nevertheless be required to approve the instruction of the law officer here challenged. As we have said in so many instances, instructions as to lesser included offenses are required only where they are fairly raised *by the evidence* adduced at the trial as *reasonable* alternatives to the offenses charged. United States v. Clark (No. 190), 2 CMR 107, decided February 29, 1952; United States v. Roman (No. 191), 2 CMR 150, decided March 19, 1952; United States v. Banks (No. 382), 4 CMR 71, decided July 24, 1952; United States v. Stout (No. 497), 5 CMR 67, decided August 27, 1952; United States v. Baguex (No. 699), 8 CMR 106, decided March 13, 1953. Carnal knowledge consists, in brief, of an act of sexual intercourse with a female under the age of sixteen years, and not the perpetrator's wife, under circumstances not amounting to rape.[2] The last qualification, of course, necessarily suggests that the female must have consented to the act of intercourse. Here, in the totality of revolting and disgusting evidence introduced at the trial, there was nothing whatever pointing to consent by the little girl. Instead, there was a plethora of convincing and uncontradicted testimony and other evidence indicating the application of force. Certainly, one may rape a child below the age of sixteen. Therefore, although carnal knowledge may, under some circumstances, constitute a lesser offense

---

[1] Uniform Code of Military Justice, Article 120, 50 USC § 714.

[2] Ibid.

included within the crime of rape—and we express here no final opinion on the question—it was *not* fairly raised as a reasonable alternative in this case, and the ruling of the law officer, viewed in context, was unobjectionable as a matter of law.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.

