UNITED STATES, Appellee

v

NOLEN MORGAN, JR., Private E–1, U. S. Army, Appellant

8 USCMA 341, 24 CMR 151

No. 9284

Decided November 1, 1957

*First Lieutenant Philip L. Evans* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*First Lieutenant Arnold I. Burns* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, First Lieutenant Richard W. Young,* and *First Lieutenant Edward S. Nelson.*

## Opinion of the Court ·

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of a number of offenses, in violation of the Uniform Code of Military Justice. These included one specification of assault with intent to commit sodomy upon a Private Frank, in violation of Article 134, Uniform Code, 10 USC § 934, and a specification of consummated sodomy with Private Frank, in violation of Article 125, 10 USC § 925. Both offenses were committed at the

**341**

same time and as part of a single occurrence, with the completed act of sodomy being the consummation of the assault. At the trial, the defense contended that the accused could not be punished cumulatively for both the assault and the completed act of sodomy. This contention was overruled by the law officer, and his ruling was affirmed by intermediate appellate authorities. We granted review to consider whether this determination is legally correct.

Our research convinces us that the weight of authority in American criminal law supports the conclusion that when one commits an assault with intent to commit sodomy, and that assault carries over into completion of an act of sodomy, the wrongdoer is subject to punishment for one or the other of the offenses, but not for both.

At the outset, it is appropriate to note that we have found few cases which specifically mention our problem. Considering the propensity of prosecutors to allege as many offenses as the transaction is capable of supporting, we suppose that the scarcity of cases indicates a general feeling in the legal profession that the assault and the completed offense are not separately punishable. The supposition gains force from the fact that there are hundreds of reported cases in which the act of sodomy was accomplished by force and violence, but in which the accused was charged only with the completed act. In any event, on the side of separateness of offense and punishment, we have found 'but a single case. In Commonwealth v Beideman, 68 Montg Co LR 80, 81 (1951), The Court of Oyer and Terminer and General Jail Delivery Montgomery County, Pennsylvania, held that the two offenses were separate because "the persons involved may both assent to the commission of the crime [of sodomy] and, therefore, there would not be any 'assault'." It is immediately apparent that the opinion gives no consideration to the effect of actual allegation and proof upon the question of separateness of offense and punishment, but treats the matter as one of mere possibility of a difference. Cf. United States v Brown, 8 USCMA 18, 23 CMR 242; United States v Redenius, 4

**342**

USCMA 161, 15 CMR 161. Apart from this criticism, the Beideman ruling is contrary to the holding of the Court of Quarter Sessions of Luzerne County, Pennsylvania, in Commonwealth v Hoffman, 38 Luz Leg Reg 317 (1944). In the Hoffman case, the court held that it was improper to try the accused for an assault with intent to commit sodomy when the evidence unmistakably shows consummation of the act and completion of the crime of sodomy.

The reported cases pointing in the direction of singleness of punishment for the aggravated assault and the completed act are also few in number. In several cases in New York, the accused was charged with both assault with the intent to commit sodomy and the completed act which followed. People v Crocker, 272 App Div 1087, 74 NYS2d 593 (1947); People v Rosenthal, 264 App Div 822, 35 NYS2d 215, reversed on other grounds, 289 NY 482, 46 NE 2d 895; People v Jackson, 278 App Div 734, 103 NYS2d 303 (1951), affirmed 303 NY 680, 102 NE2d 837. In these cases, a single sentence was imposed for both offenses. New York has a special statute limiting the imposition of punishment for "an act . . . made . . . punishable in different ways by different provisions." New York Penal Law, Section 1938. Whether that statute is more favorable to an accused than the punishment provisions of military law need not concern us because the New York courts clearly regard the assault offense as lesser included in a sodomy charge; to that extent, military law also does not permit punishment for "both a principal offense and for an offense included therein." Manual for Courts-Martial, United States, 1951, paragraph 76a. United States v McVey, 4 USCMA 167, 15 CMR 167. In People v Saverese, 1 Misc2d 305, 114 NYS2d 816, the court discussed the sentence imposed upon a defendant in the Jackson case and said: "He was also sentenced to 10 to 20 years for the sodomy *which governed the included crimes of assault with intent to commit sodomy.*" (Italics supplied.) In Crocker, the defendant was, as already noted, also convicted of sodomy and assault with intent to commit sodomy, yet the court

referred to the "offense charged" as being serious and repulsive, and that the defendant should not be "found guilty of such an offense without clear and reliable testimony."[1]

The same view of singleness of punishment for assault and the act of sodomy appears in the California case of People v Hickey, 109 Cal 275, 41 Pac 1027. There, the accused was charged with, and convicted of, sodomy. He moved for, and was granted, a new trial on the ground that the trial judge committed prejudicial error by failing to instruct the jury on the lesser included offense of assault. The Government appealed from that ruling. The Supreme Court, however, affirmed. Writing for a unanimous court, Judge Garoutte said:

"... The offense of simple assault may nor may not be an element in the felony designated as 'sodomy.' It is not an element of the offense where the crime is not committed with or upon a human being; and, secondly, it is not an element in the offense where the act is done or attempted with the consent of the other party. It therefore follows that in many cases the trial court is justified in refusing to instruct the jury as was here requested. This case is not one coming within the first class stated. ..."

The Court of Criminal Appeals in Texas and the Supreme Judicial Court of Maine seem to have taken a similar approach to the problem. Each has held that an assault is an "essential element" of sodomy when the crime is perpetrated against an unwilling human being. Darling v State, 47 SW 1005 (Texas); State v Langelier, 136 Me 320, 8 A2d 897. In the Territory of Hawaii, the idea that assault with intent to commit sodomy is a lesser included offense to a charge of sodomy is expressly recognized by statute. Revised Laws of Hawaii, 1945, Section 11679; Territory v Chee Sui, 25 Hawaii 814. Bishop, in his well-known work on criminal law, describes an assault with the intent to commit sodomy as a form of an attempt to commit that offense. 2 Bishop, Criminal Law, 9th ed, page 883. Cf. United States v Hobbs, 7 USCMA 693, 23 CMR 157, opinion by Judge Latimer.

It has been said that sodomy and rape are "kindred crimes" and that the principles of law governing the one also govern the other. Territory v Chee Sui, supra, page 816; Hopper v State, 302 P2d 162 (Oklahoma). The analogy has been applied to the requirement for penetration, United States v Kelly, 119 F Supp 217; State v Pratt, 151 Me 236, 116 A2d 924, and to the admissibility of evidence of "fresh complaint." See Manual for Courts-Martial, United States, 1951, paragraph 142c. The basic difference between the two is the element of consent. State v Langelier, supra. But, if force, rather than consent, is present, the analogy between the two offenses extends to the kind of lesser offense included within the charge. It is, of course, well settled that assault with the intent to commit rape is lesser included within the consummated rape when the latter is the direct outcome of the former. See Manual for Courts-Martial, United States, 1951, Appendix 12; United States v Clark, 2 USCMA 437, 9 CMR 67. The force which constitutes the assault is also the force which shows the victim's lack of consent. So, too, if sodomy is accomplished by force, the force is an inseparable part of the single act which the accused intended to commit.

Moreover, it is unrealistic to say, as does the Government, that the aggravated assault requires proof of a specific intent while the completed act of sodomy does not. True, in defining

---

[1] A very analogous situation appears in People v Hutchinson, 276 App Div 1040, 95 NYS2d 499 (1950). There, the defendant was convicted of carnal abuse of a child, which, like sodomy, can be committed without the use of force or other coercion (see New York Penal Law, Section 483b), and assault with intent to commit that offense. The appellate court held that since "proof of the offense charged in the third count [carnal abuse] ... included, precisely, that charged in the second count [the assault]," the defendant could not be twice punished for the "same criminal act."

crimes, the legislature may require a specific state of mind on the part of the wrongdoer in connection with a particular act; other offenses are defined without regard to a special state of mind, and these are described judicially as acts which require only a "general criminal intent." The difference of definition, however, has no application to the present problem. Rape is also said to require only a general criminal intent. Yet, assault with intent to commit rape is a lesser included offense. The same is true of murder and assault with intent to commit murder. See United States v Holman, 3 USCMA 396, 399, 12 CMR 152. Necessarily, in committing an act of sodomy, the actor intends to accomplish the unnatural union. That intention precisely reflects the state of mind of one who assaults with the intention of committing sodomy. From the standpoint of intention, therefore, the assault does not require proof of an intent different from that present in the completed offense. Cf. United States v Duggan, 4 USCMA 396, 400, 15 CMR 396.

The crime of sodomy bears a logical relationship to the crime of rape. When the subject of a sodomitical act is a nonconsenting human being, then assault is an element of the offense. Wharton, Criminal Evidence, 12th ed, § 759. Congress—unlike various state legislatures which have radically changed the offense of sodomy by subdividing it into various degrees and component parts— chose to incorporate the offense in the military substantially the same as it existed at common law. Therefore, under the Code, consensual, as well as nonconsensual sodomy, is included within Article 125 of the Uniform Code. When the latter variety is shown to exist, assault is an essential element.

In every case in which nonconsensual sodomy is shown, an accused may be charged with both assault with intent to commit the offense, as well as the consummated offense. He may only be punished for one offense; however, the greater punishment for the assault is authorized. Consensual sodomy, on the other hand, involves no unwilling victim and provokes far less danger to society than an act carrying with it the

**344**

violent abuse of a victim. Under those circumstances only the consummated offense, which lacks the element of assault, would be charged.

Still to be considered is the effect of the substantial difference in punishment for the two offenses. Under the Table of Maximum Punishments set out in the Manual, the penalty for sodomy includes confinement at hard labor for five years, while that for assault with intent to commit sodomy carries confinement at hard labor for ten years. The same discrepancy appears in regard to housebreaking. It is also evidenced in connection with other offenses. United States v Brown, 8 USCMA 18, 23 CMR 242. It may indeed be anomalous to punish the lesser offense with a greater punishment than that for the principal offense, but that matter rests within the discretion of the President. United States v Brown, supra.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to The Judge Advocate General for submission to the board of review for reconsideration of the sentence in accordance with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

This case presents a unique problem which I do not believe is correctly solved in the Court's opinion. As I understand the ingredients of the two offenses, as defined in military law, assault with intent to commit sodomy includes an element not necessary to make out the crime of sodomy—that is, an assault. Sodomy, on the other hand, requires that the unnatural act be consummated by penetration—the assault does not. Accordingly, when I follow the rule of Blockburger v United States, 284 US 299, 76 L ed 306, 52 S Ct 180 (1932), and United States v McVey, 4 USCMA 167, 15 CMR 167, or any other rule we have adopted, I conclude the crimes are separate. Also, it is my considered judgment that when the appropriate yardstick is applied, neither offense is included within the other.

I encounter some difficulty in ascertaining in what way the cases cited in

the majority opinion support a departure from the well-accepted rule I set out above. A great deal of reliance is placed on New York cases, but I find little to support the Court in decisions from that State. I find it interesting to note that in that jurisdiction the statutes governing the offense of sodomy were revised in 1950. Undoubtedly they reflect a wise policy for that State but, as presently written, they are at variance with military law. However, when carefully considered, they appear to me to support the position that, unless combined by legislative enactment, the offenses of sodomy and assault with intent to commit that crime are separate. In its penal code, New York divided the offense of sodomy into three degrees, with the greater degree punishable by a maximum sentence of twenty years' confinement. Punishment for the lesser degrees are scaled down. With some exceptions not here pertinent, in order to commit first degree sodomy, a defendant must perpetrate the two offenses of assault and sodomy, and obviously when a legislature has by statute made two offenses elements of a third and greater offense, the latter cannot be divided into the component parts of two lesser offenses. Certainly, under the New York definition, assault is a necessary element of one type of first-degree sodomy, and hence it could not be punished if sentence is imposed on the greater offense.

In military law, sodomy is defined under Article 125 of the Uniform Code of Military Justice, 10 USC § 925. That section provides:

"(a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense."

Assault with intent to commit sodomy is an offense proscribed by Article 134 of the Code, 10 USC § 934. In view of the fact that each is proscribed by a separate punitive Article and that an assault is not an element of sodomy, whether or not the offense is committed over the objection of the victim, it can-

not be argued that Congress intended to merge them into one offense or that sodomy necessarily includes any assault used to force its commission.

In the Table of Commonly Included Offenses, Appendix 12, Manual for Courts-Martial, United States, 1951, offenses such as murder, voluntary manslaughter, rape, and robbery are listed as the principal offense, and assaults with intent to commit those particular crimes are shown as lesser included offenses. In the case of sodomy, no included offense is listed, and I believe the reason for the difference is that the first enumerated crimes necessarily include an assault, while sodomy does not. In those instances, when an assault must be considered part of the principal offense, it is easy to understand why, if the greater crime is not consummated, the assault committed in the process ought to be a lesser included offense. In the case of sodomy, that reason does not prevail, for if an assault is present, it is in addition to and not part of the essential elements of the completed crime.

One further straw in the wind which indicates that sodomy and assault with intent to commit sodomy should be treated as separate crimes may be found in the Table of Maximum Punishments. The offense of sodomy is punishable by a maximum sentence of confinement not to exceed five years. However, in the instance of an assault with intent to commit sodomy, the maximum punishment is raised to ten years' confinement. That clearly demonstrates to me that the framers of the Manual were of the opinion that assault with intent to commit sodomy was not a lesser included offense of sodomy.

That brings me to the last step in my process of reasoning. I believe we should not strain to merge these two offenses into a single crime. Under the law as announced by my associates, if an accused assaults a victim with intent to commit sodomy, he could receive a sentence of ten years' confinement with accessories. However, if he commits the identical acts and he is successful in completing the act of sodomy, he cuts the maximum penalty in half. Under

**345**

that concept, it pays to commit the more serious offense. Furthermore, in a great many sodomy violations, there are no assaults as the act is consensual. While an unnatural sexual act committed with the consent of the passive participant violates one norm of society, when the act is committed over the protest of the victim and he or she is physically abused, another norm has been ravished. A penalty for each breach ought to be imposed and the law should not be interpreted in such a manner that the two are forced into a single violation and the penalty is reduced.

The details of this offense are too revolting to relate. Therefore, I merely say that the nature of the assault and the nature of the sodomy show clearly why the two should not be merged into one crime with the concomitant reduction in the maximum sentence.