UNITED STATES, Appellee

v

DONNELL WILLIAMS, Private E–2, U. S. Army, Appellant

9 USCMA 55, 25 CMR 317

*Major Edward Fenig* and *First Lieutenant Hazen V. Hatch* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Jon R. Waltz* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried and convicted of taking indecent liberties with a child under sixteen years of age and of assault with the intent to commit sodomy upon the same child, both in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Evidence at the trial substantially proved that the accused came upon a fourteen-year-old Korean boy riding to school in a box car of a moving train. The accused, along with a companion, both of whom were train guards, beat the child severely while the accused attempted to force the boy to perform an act of fellatio. The boy courageously refused, despite the heavy beating, and attempted to preserve his decency by leaping off the moving train. Later he was discovered beaten and unconscious lying beside the railroad tracks.

With this evidence before it, the court-martial members found the accused guilty of the two crimes alleged. Before deliberating upon the sentence, they were informed by the law officer that the maximum sentence imposable included confinement for seventeen years, ten for the assault with the intent to commit sodomy, and seven for the indecent act with a minor. The accused was sentenced to ten years confinement, total forfeitures, and dishonorable discharge. The findings and sentence were affirmed in all respects except that the board of review reduced the period of confinement to seven years. We granted review to consider whether for sentencing purposes the charges are multiplicious. Thereafter, the Government conceded error on the basis of United States v Morgan, 8 USCMA 341, 24 CMR 151, and United States v Dicario, 8 USCMA 353, 24 CMR 163. Under the holding of those cases, the concession of the Government is well taken as the law officer should have limited the maximum sentence to the most serious of these offenses. Accordingly, the decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Army for reference to a board of review for reassessment of the sentence in the light of the admitted error.

Chief Judge QUINN and Judge FERGUSON concur.