UNITED STATES, Appellee

v

HOWARD W. THOMAS, Private First Class,
U. S. Army, Appellant

12 USCMA 550, 31 CMR 136

No. 15,172

November 24, 1961

*Captain Vernon C. Maulson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph W. Wofford.*

*First Lieutenant Carl F. Wrench* argued the cause for Appellee, United States. With him on the brief were *Major Francis M. Cooper* and *First Lieutenant Harvey L. Zuckman.*

## Opinion of the Court

QUINN, Chief Judge:

The accused pleaded guilty to two offenses in violation of the Uniform Code of Military Justice.[1] He now attacks his conviction on two grounds. First, he challenges certain instructions by the law officer in which the attention of the court-martial was called to "instructions in the case of United States versus Hott." We considered the same issue in United States v Forwerck, 12 USCMA 540, 31 CMR 126. For the reasons set out in our opinion in that case, we hold the instruction is erroneous, but did not prejudice the accused in either the findings of guilty or the sentence.

In his second assignment of error the accused maintains that his plea of guilty was improvident as to one of the two charges. The specification of that charge alleges the accused accepted $1,000.00 in violation of paragraph 6*b*, AR 600–101, which prohibits the acceptance of "Financial benefit or other valuable consideration" from representatives of commercial life insurance companies soliciting insurance from military personnel. He contends the specification does not state an offense because the regulation merely promulgates a policy for military commanders, and does not control the conduct of individual personnel. See United States v Farley, 11 USCMA 730, 29 CMR 546. The circumstances of the case make it unnecessary to consider the contention. Before the court imposed sentence, it was specifically instructed by the law officer that the two charges were "multiplicious for punishment purposes."[2] The board of review below agreed with that ruling. Consequently, we can properly dismiss Charge I, without consideration of the operative scope of the regulation. United States v Drexler, 9 USCMA 405, 26 CMR 185. And, as the accused was sentenced solely on the basis of one charge, the validity of which is unchallenged, there is no possibility of prejudice as to the sentence. Accordingly, we set aside the findings of guilty of Charge I and dismiss that Charge and its specification. In all other respects, the decision of the board of review is affirmed.

Judge KILDAY concurs.

---

[1] Charge I alleges a violation of Article 92, Uniform Code of Military Justice, 10 USC § 892, and Charge II sets out a violation of Article 134 of the Code, 10 USC § 934.

[2] The law officer mistakenly understated the period of confinement by one year when he apparently used the penalty for the lesser of the two offenses for the maximum punishment. See United States v Williams, 9 USCMA 55, 25 CMR 317.