**292**

UNITED STATES, Appellee,

v.

Roosevelt MILLER, Private First Class,
U. S. Army, Appellant.

No. 33,091.

CM 433035.

U. S. Court of Military Appeals.

Aug. 8, 1977.

Captain Stephen D. Halfhill argued the cause for Appellant, Accused. With him on the briefs were Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Captain Lawrence E. Wzorek, and Captain D. David Hostler.

Captain Nancy Battaglia argued the cause for Appellee, United States. With her on the briefs were Colonel Thomas H. Davis, Major John T. Sherwood, Jr., and Captain John F. DePue.

Opinion of the Court

COOK, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial with members of forcible sodomy and assault, in violation of Articles 125 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 928, respectively. The United States Army Court of Military Review set aside the finding of guilty as to the charge of assault, but approved that of forcible sodomy. We granted review to determine whether the military judge erred to the prejudice of the appellant by excluding evidence relating to the reputation of the victim.

The victim testified that the appellant forced him to commit an act of oral sodomy. On cross-examination, he acknowledged that the appellant had been his roommate for approximately 3 months. Upon further cross-examination, the following colloquy ensued:

Q. Isn't it true that your reputation in your unit is that you loan money to people, instead of repaying you you ask them to perform acts of sodomy with you?

TC: I object. This is also beyond the scope of direct examination.

DC: Your Honor, the man's reputation is always in issue in a sex crime.

MJ: Objection is overruled.

A. It is not true. It has never been said to my face that way.

DC: Thank you very much.

In addition to the testimony of the victim, the Government presented testimony from an agent of the Army Criminal Investiga-

tions Command to the effect that, prior to trial, appellant had confessed to an act of consensual sodomy with the victim.

The defense called the victim's company commander and attempted to question him on the matter of the victim's reputation of being a homosexual. However, trial counsel objected, and the military judge sustained the objection on the basis that consent was not an issue in the case, but he also told the defense counsel that he could examine the witness as to the victim's reputation for truth and veracity. The defense counsel then asked the witness if he had ever questioned the victim's truthfulness and veracity, and the witness replied in the negative. Subsequently, the appellant testified that he did not commit an act of forceful or consensual sodomy; that he was not present when the alleged crime was committed; and that the Government agent had lied when he testified appellant had confessed to an act of consensual sodomy.

On appeal, the appellant, citing *United States v. Chadd*, 13 U.S.C.M.A. 438, 32 C.M.R. 438 (1963), submits that the evidence relating to the victim's reputation as a homosexual was admissible on the issue of consent and the credibility of the victim. In *Chadd*, the Court granted a petition for a new trial on the basis that a post-trial criminal investigation disclosed that the alleged victim of a rape had been engaged in homosexual activity. Relying paragraph 153*b*(2)(b), Manual for Courts-Martial, United States, 1951, the Court concluded the victim's homosexual activity was relevant as to her credibility and to whether she had consented to an act of intercourse with the accused. Paragraph 153*b*(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition) now provides:

> However, in a prosecution for a sexual offense in which lack of consent is an element, any evidence, otherwise competent, tending to show the unchaste character of the alleged victim is admissible on the issue of the probability of consent by the alleged victim to the act charged (whether or not the alleged victim has testified as a witness) and on the question

of the credibility of the alleged victim, and this is so whether or not there was a conviction of any offense involved. For this purpose, evidence of the alleged victim's lewd repute, habits, ways of life, or associations, and of the alleged victim's specific acts of illicit sexual intercourse or other lascivious acts with the accused or others, is admissible, and this is so whether the circumstances to which that evidence refers existed before or after the commission of the alleged offense, unless the military judge or the president of a special court-martial without a military judge, determines as a matter of discretion that the particular evidence would be so remote with respect to the question of consent or credibility as to be irrelevant.

On appeal, the parties disagree as to whether consent was an issue in the case. However, the requirements of the quoted Manual provision are operative when "lack of consent is an element" of the offense. Thus, the determinative factor is not whether consensual sodomy was raised as a lesser included offense, but whether the Government was required to prove a lack of consent as an element of proof. As the appellant was charged with forcible sodomy, proof of such fact was part of the Government's burden. *See* paragraph 204, MCM, 1969 (Rev.). As in *Chadd*, therefore, evidence of the victim's homosexual activity was relevant as to the issue of consent and the victim's credibility.

Turning now to the question of prejudice, the appellant completely denied any participation in the incident and repudiated the testimony of the Government witness that he had confessed to an act of consensual sodomy, by accusing such witness of lying under oath. Accordingly, the appellant not only challenged the testimony of the victim, but also the testimony of the Government agent. Furthermore, the victim's reply to the question of whether he had the "reputation" of asking for the performance of sodomous acts as repayment for loans could reasonably be construed by the court members as an implied admission of sodomous conduct. Indeed, the defense

counsel apparently interpreted the reply in this manner by terminating his cross-examination upon the aforementioned reply of the victim by remarking, "Thank you very much." Finally, the company commander, who was offered as a defense witness regarding the victim's reputation for homosexuality, testified he had never questioned the victim's truth or veracity. These circumstances convince me that the appellant was not prejudiced by exclusion of the company commander's testimony. However, relying upon the principle that an accused may raise a panoply of defenses, even though they are inconsistent one with another, my Brothers are of the opinion that the exclusion of the evidence strikes at the very base of the criminal justice system where a person is presumed innocent of the charge against him until proven guilty beyond a reasonable doubt.

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or other competent convening authority.

Chief Judge FLETCHER, and Judge PERRY, concur.