UNITED STATES, Appellee,

v.

Sergeant Ronald E. EDENS,
402–11–6131, United States
Army, Appellant.

ACMR 8800982.

U.S. Army Court of Military Review.

30 Oct. 1989.

For Appellant: Colonel John T. Edwards, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant of two specifications of sodomy by forcing his three-year-old daughter and the five-year-old daughter of a neighbor to perform fellatio on him, and one specification of committing indecent acts with the five-year old, by fondling her vaginal area, in violation of

Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. His approved sentence provides for a dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances and reduction to Private E1.

The appellant has assigned two errors: (1) the evidence is insufficient to prove that appellant used force to commit the sodomy with his three-year-old daughter and (2) the military judge erred by considering extrajudicial statements of the victims to a physician.

■■■ We find that the first assignment of error is without merit. Force may be actual or constructive. Where the victim is the infant child of the perpetrator, the evidence is sufficient to prove force and lack of consent if it establishes that the victim submitted under compulsion of parental command. *Cf. United States v. Dejonge,* 16 M.J. 974 (A.F.C.M.R.1983) (constructive force exists where sexual intercourse is accomplished under compulsion of parental command); Manual for Courts–Martial, 1984, Part IV, paragraph 45c(1)(b) (acquiescence of a child of such tender years that she is incapable of understanding the nature of the act is not consent).

■■■ Although not assigned as error, we have evaluated the sufficiency of the evidence of force with respect to the five-year-old victim. UCMJ, Article 66(c), 10 U.S.C. § 866 (1982). The evidence establishes that the appellant was a close friend of the victim's parents, that the appellant and his wife frequently were baby-sitters for the victim. We find that the appellant was an adult authority figure similar in stature to the victim's parents, and that her acquiescence was not consent, but rather a submission to constructive force.

■■■ Turning to the next assignment of error, we hold that the military judge did not err by considering the extra-judicial statements of the victims to a physician.

The two victims were referred as possible sexual abuse victims to Lieutenant Colonel (LTC) Parker, M.D., a board certified pediatrician specializing in diagnosis and treatment of child abuse. LTC Parker's purpose in interviewing the victims was to determine if sexual abuse had occurred, and if so, to design and administer a treatment plan for the victims and their families. He examined the three-year-old for physical evidence of sexual abuse and found none. He then questioned her, using open ended questions. Initially she was evasive, but eventually she described the acts of sodomy and identified her father, the appellant, as the perpetrator.

LTC Parker also examined the five-year old and found no physical evidence of sexual abuse. He interviewed her and she also described the acts of sodomy and identified the appellant as the perpetrator. At the trial, the five-year old repeated her descriptions of the incident and identified the appellant as the perpetrator and was cross-examined. Her trial testimony was consistent with LTC Parker's description of his interview with her.

We hold that the out-of-court statements of both victims to LTC Parker are admissible under Military Rule of Evidence 803(4). We are satisfied that both victims were sufficiently aware that their statements were part of their medical diagnosis and treatment. *See United States v. Dean,* 28 M.J. 741 (A.F.C.M.R.1989). LTC Parker's questions were pertinent to his diagnosis and treatment. There is no evidence that the children's motives were other than to respond to the doctor's questions. *United States v. Nelson,* 25 M.J. 110 (C.M.A.1987), *cert. denied,* 484 U.S. 1061, 108 S.Ct. 1016, 98 L.Ed.2d 982 (1988); *Morgan v. Foretich,* 846 F.2d 941 (4th Cir.1988); *United States v. Renville,* 779 F.2d 430 (8th Cir.1985); *United States v. Iron Shell,* 633 F.2d 77 (8th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981).

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.