UNITED STATES, Appellee

v.

Private E2 Gary M. THOMAS,
443–70–2703 United States
Army, Appellant.

ARMY 9501742.

U.S. Army Court of Criminal Appeals.

5 Feb. 1997.

For Appellant: Lieutenant Colonel Michael L. Walters, JA (argued); Lieutenant Colonel John T. Rucker, JA (on brief); Captain John M. Head, JA.

For Appellee: Captain Thomas N. Auble, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Virginia G. Beakes, JA (on brief).

Before COOKE, GORDON, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

COOKE, Chief Judge:

Pursuant to his pleas, appellant was convicted of carnal knowledge (two specifications), forcible sodomy with a child between the ages of twelve and sixteen (three specifications), and indecent acts with a child under sixteen (three specifications) in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1988) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced him to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1.

In accordance with a pretrial agreement, the convening authority reduced the period of confinement to eighty-four months, but otherwise approved the sentence.

Before us, appellant challenges the providence of his guilty pleas to those portions of the sodomy offenses which allege force and lack of consent. Appellant contends that the military judge "accepted the plea under an incorrect legal principle that sodomy with a child under the age of 16 is per se by force and without consent." Furthermore, appellant contends that the military judge "failed to resolve matters inconsistent with the plea to wit: a mistake of fact defense." Under the circumstances, we agree that the appellant's pleas of guilty, insofar as they extended to the element of force and lack of consent,[1] were improvident.

## I. FACTS

In a stipulation of fact, appellant admitted the following: Appellant was a house guest, spending the night at the home of a fellow soldier; the soldier's twelve-year-old daughter, M, had a friend, S, who was thirteen years old, spending the night with her; and, M and S each had learning disabilities and below average intelligence.

---

1. The parties before us have characterized "by force and lack of consent" as an "element" of the offense. This is understandable and not entirely inaccurate, in view of its inclusion as an "element" in paragraph 51b(3), Part IV, Manual for Courts–Martial, United States, (1995 edition), [hereinafter MCM, 1995.] It is not, however, a *statutory* element of the offense of sodomy. Rather, it is a circumstance which increases the maximum authorized period of confinement (from confinement for five years to confinement for life in the current version of the Manual for Courts–Martial).

Such punishment increasing circumstances enjoy a long history and are well within the authority of the President to prescribe in the exercise of his powers under Articles 18, 36, and 56, UCMJ. *Cf. United States v. Loving*, 41 M.J. 213 (1994), *aff'd*, —— U.S. ——, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). For practical purposes, they are often treated like elements. The distinction may be important for some purposes, however, such as multiplicity analysis. *See United States·v. Weymouth*, 43 M.J. 329 (1995); *United States v. Teters*, 37 M.J. 370 (C.M.A.1993), *cert. denied*, 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213

(1994). *But cf. United States v. Oatney*, 45 M.J. 185, 188–189, slip op. at 9–12 (U.S. Armed Forces 30 Sep. 1996)(holding suggests that whether elements are statutory or not is immaterial to multiplicity determination).

In any event, in this case the issue is not, technically speaking, whether the appellant pleaded providently to an offense. There is no question here that appellant providently pleaded guilty to the statutory offense of sodomy. Rather, the issue is whether he admitted facts adequate to establish the basis for finding a circumstance which the President has prescribed authorizing an increased maximum punishment. This could affect the computation of the maximum sentence which could have been adjudged. In turn, a substantial error in computing the maximum punishment could result in a determination that the sentence itself was unfairly determined, or, in an extreme case, even affect the overall providence of an accused's guilty pleas. For reasons discussed below, we find none of these problems here. Resolution of this issue could also affect the language in the summarized specification in the promulgating order; *see* our decretal paragraph below.

During the evening, M and S slipped appellant a note signed "Love, [S] and [M]," which invited appellant to come to their room after midnight. Appellant did so, and while there, engaged in intercourse and sodomy with both girls. Both girls participated, apparently willingly, in acts of sodomy with appellant. However, appellant stipulated that each girl's "age and mental development prevented her from understanding [his] actions, as well as the motive behind the act and its possible consequences." Therefore, the acts of sodomy were "done by force and without ... consent."[2]

During the providence inquiry, the military judge correctly explained the elements of forcible sodomy to the appellant, and appellant admitted that those elements were true. However, at least seven different times during the inquiry and at least once with respect to each act of sodomy, the military judge made statements such as, "Do you understand that because she was not sixteen she couldn't consent to that activity with you?" Furthermore, appellant asserted several times that at the time of the offenses he was unaware of any deficiencies in the girls' mental development and that they "gave him no reason" to think otherwise. The military judge never inquired about a possible mistake of fact defense. Instead, each time the question of appellant's awareness of their mental status at the time of the offenses arose, the military judge made comments which suggested that the fact that the victims were under sixteen years of age was, by itself, sufficient to establish force and lack of consent.

In summary, appellant admitted the following: He engaged in two acts of sodomy with M and one with S who were under the age of sixteen; M and S appeared to consent to these acts; M and S were, however, unable to consent due to their age and mental deficiencies; and, at the time of the offenses, appellant did not know, and had no reason to know, that M and S were unable to consent.

## II. LAW

"If an accused ... after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he entered the plea improvidently or through lack of understanding of its meaning and effect ... a plea of not guilty shall be entered...." UCMJ art. 45(a). "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses." Rule for Courts–Martial 910(e) [hereinafter R.C.M.].

No specific format is prescribed for the inquiry into the plea of guilty. *See, e.g., United States v. Kilgore,* 21 U.S.C.M.A. 35, 44 C.M.R. 89, 1971 WL 12456 (1971). Rather, the inquiry must establish that the accused understands the elements of the offenses to which he has pleaded guilty, and admits facts which "make clear the basis for a determination by the military trial judge ... whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 253, 1969 WL 6059 (1969). Even if the mili-

---

2. The stipulation contains two paragraphs describing the sodomy. The first, summarized above, contains appellant's description of the acts. The next paragraph begins: "[M] and [S] state the following occurred." M and S described the sodomy differently than appellant. According to them they did not consent to any of the acts of sodomy and appellant used force to get them to submit. These differing versions seem to have generated some confusion in the providence inquiry. We view appellant's version as controlling for purposes of determining the providence of the plea. The providence of the plea is determined by those facts the accused believes and admits are true. *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980). An accused need not have personal knowledge or recollec-

tion of all the facts he admits, and may accept what others say as true. *United States v. Penister,* 25 M.J. 148 (C.M.A.1987); *United States v. Luebs,* 20 U.S.C.M.A. 475, 43 C.M.R. 315, 1971 WL 12784 (1971); *United States v. Butler,* 20 U.S.C.M.A. 247, 43 C.M.R. 87, 1971 WL 12724 (1971). However, where the accused does not admit what others say is true, and certainly where the accused gives a different version, it is the accused's version which determines whether there is a factual basis for the plea. *See United States v. Epps,* 25 M.J. 319, 321 (C.M.A.1987); *United States v. Moglia,* 3 M.J. 216 (C.M.A.1977). We question the wisdom of including conflicting "stipulated testimony" as part of a stipulation of *fact* supporting a plea of guilty.

tary judge fails to identify or explain all the elements of the offense, a plea of guilty is not improvident if the accused admits facts which establish that all the elements are true. *United States v. Jones*, 34 M.J. 270 (C.M.A. 1992).

■ If the accused raises matters which are inconsistent with the plea, including affirmative defenses, the military judge may not accept the plea without resolving the inconsistency. *United States v. Adams*, 33 M.J. 300 (C.M.A.1991); *United States v. Clark*, 28 M.J. 401 (C.M.A.1989); *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976). Once again, no particular format or procedure is required for resolving such matters. *Id.* However,

> If any potential defense is raised by the accused's account of the offense or by other matter presented to the military judge, the military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which would negate the defense.... [Ultimately] the accused must be convinced of, *and* able to describe all the facts necessary to establish guilt.

R.C.M. 910(e) discussion (emphasis added).

Simply put, a finding of guilty based on a guilty plea must rest on facts admitted by the accused, on the record, which establish that the accused is in fact guilty.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discre-

tion." *United States v. Eberle*, 44 M.J. 374, 375 (1996).

> Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record. A "mere possibility" of such a conflict is not a sufficient basis to overturn the trial results.

*United States v. Garcia*, 44 M.J. 496 (1996). *See also United States v. Prater*, 32 M.J. 433 (C.M.A.1991).

■ The aggravating element of "by force and without consent" in forcible sodomy has been treated identically with the statutory element of "by force and without consent" under Article 120, Rape. *See, e.g., United States v. Gamble*, 27 M.J. 298 (C.M.A.1988); *United States v. Miller*, 3 M.J. 292 (C.M.A. 1977); *United States v. Dunning*, 40 M.J. 641, 646 (N.M.C.M.R.1994), *pet. denied*, 42 M.J. 203 (1995); *United States v. Barboza*, 39 M.J. 596 (A.C.M.R.1994); *United States v. Edens*, 29 M.J. 755 (A.C.M.R.1989), *aff'd*, 31 M.J. 267 (C.M.A.1990); *United States v. Small*, 48 C.M.R. 170, 1974 WL 13787 (A.F.C.M.R.1974).[3] Thus, the same legal principles which apply to the element of "by force and without consent" in rape apply to this aggravating circumstance for forcible sodomy.[4]

---

3. The President did not prescribe any sentence-increasing circumstances for sodomy until 1969. *See* paragraph 127c, MCM, 1951; Analysis of Contents, Manual for Courts-Martial, 1969 (Rev. ed.), DA PAM 27-2, at 25-11. Nevertheless, the Court of Military Appeals had previously recognized that rape and sodomy were treated the same in many respects. *See United States v. Goodman*, 13 U.S.C.M.A. 663, 33 C.M.R. 195, 1963 WL 4838 (1963); *United States v. Morgan*, 8 U.S.C.M.A. 341, 24 C.M.R. 151, 1957 WL 4731 (1957).

4. It should be noted that each of the three specifications in issue here included two different non-statutory sentence-increasing circumstances, or "elements": "by force and without consent"; and, "with a child under the age of sixteen."
Because these are sentence-increasing circumstances, and not statutory elements, these circumstances were properly included in the same

specification each time. This may have contributed to the confusion over the relationship of the victims' ages and their ability to consent. However, although they are cumulative, not separate, for the purpose of determining the maximum punishment, these circumstances are otherwise mutually exclusive.
As discussed in the text below, the defense of mistake of fact applies to the element, or circumstance, of "by force and without consent." On the other hand, the maximum period of authorized confinement for sodomy is increased from five years to twenty years if the other participant is less than sixteen (and to life if the victim is less than 12) whether or not the child participates willingly. Thus, the accused's state of mind as to this circumstance is irrelevant and mistake of fact is not a defense.

The fact that a person who is sodomized is under the age of sixteen does not, per se, establish that he or she lacks capacity to consent to the act. *See United States v. Palmer*, 33 M.J. 7 (C.M.A.1991); *Dunning*, 40 M.J. at 646. Instead, the age of the victim is one factor to be considered in the "totality of the circumstances" in determining whether the element of force and lack of consent is established. *Cf. United States v. Webster*, 40 M.J. 384 (C.M.A.1994). A victim may be unable to consent, however, due to lack of mental faculties. MCM, para. 45(c)(1)(b).

Mistake of fact is a potential defense to forcible sodomy; specifically, if the accused harbors a reasonable and honest, albeit mistaken, belief that the victim consented, the accused may not be convicted of sodomy "by force and without consent." *Gamble*, 27 M.J. at 308; *United States v. Carr*, 18 M.J. 297 (C.M.A.1984); R.C.M. 916(j); *cf.* MCM, 1995, para. 45c(1)(b). The fact that a victim is unable to consent does not foreclose a mistake of fact defense if the accused is mistaken as to the victim's capacity and such mistake is reasonable. MCM, 1995, para. 45c(1)(b).

## III. DISCUSSION

We agree with appellant that the military judge misstated the standard by which force and lack of consent could be established in this case. The mere fact that the victims were under the age of sixteen did not alone establish that they were incapable of consenting to sodomy. By itself, such a misstatement would not warrant reversal where the accused admitted facts which established the correct elements. However, this error does not stand alone; it also affects appellant's second contention regarding a potential mistake of fact defense.

This case is similar to the recent decision of the Court of Appeals for the Armed Forces in *United States v. Garcia*, 44 M.J. 496 (1996). In *Garcia*, the Air Force Court of Criminal Appeals set aside findings of guilty of offenses similar to those in this case, on grounds that the military judge failed to inquire into a mistake of fact defense with respect to consent by the victims. The Court of Appeals for the Armed Forces reversed. The court found that, although Senior Master Sergeant Garcia stated that he believed at the time of the offenses that his victims were consenting, Garcia never claimed that this mistake was reasonable, nor did he set up facts to indicate that this was an objectively reasonable belief.[5] Furthermore, although the military judge did not explain the defense of reasonable and honest mistake of fact to Garcia, or discuss the defense specifically with him, the military judge expressly recognized, on the record, the possibility of a mistake of fact defense and found that any mistake could not have been reasonable.[6] Thus, we understand *Garcia* to hold that a military judge's decision to accept a guilty plea will not be overturned even though the military judge did not specifically question the accused about a possible defense, as long as the inquiry is adequate to satisfy the judge that the defense is *not reasonably raised*, and the appellate court is satisfied that the military judge's decision was not an abuse of discretion.[7]

In this case, we find the stipulation and the providence inquiry raised a potential mistake of fact defense. The combination of the stipulation of fact and appellant's responses to the military judge's questions raised the issues of reasonable and honest mistake. However, unlike in *Garcia*, here the military judge never gave any indication that she recognized a possible mistake of fact defense. More seriously, her misstatements about the

---

5. *But see Adams,* 33 M.J. at 303 (discussing a possible mistake of fact defense in a guilty plea: "However, Adams' version is not so outlandish as to be absurd. Under such circumstances, neither the military judge nor an appellate court should reject his claim as unreasonable as a matter of law.") (citations omitted).

6. The dissenting opinion in the Air Force Court of Criminal Appeals also points out that at trial the defense counsel specifically disavowed any mistake of fact defense. *United States v. Garcia,* 43 M.J. 686, 692 (A.F.Ct.Crim.App.1995).

7. As the court points out in *Garcia,* the better practice is to specifically explain and inquire into possible defenses in cases like these. *Garcia,* 44 M.J. at 499.

**666**

legal effect of the girls' ages effectively fore-closed the development of additional facts which might have supported or negated the defense. Thus, we cannot reasonably conclude that the military judge made an informed decision that the mistake of fact defense did not or could not reasonably lie in this case. Moreover, with the record in this posture, we are not satisfied that the defense could not lie. Accordingly, we find the providence inquiry sufficient to sustain only sodomy with children under the age of sixteen.

The court affirms only so much of the findings of guilty of Specifications 1, 2, and 3 of Charge II as find that appellant committed sodomy with a child under the age of sixteen years in violation of Article 125, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence based on our action above, we affirm the sentence approved by the convening authority. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). We are satisfied, given the severity of the remaining offenses, and all the circumstances surrounding them, that the court-martial would have adjudged and the convening authority would have approved a sentence no less severe than the approved sentence before us.[8]

Judge GORDON and Judge ECKER concur.

---

**8.** We are confident of this based on the facts of the offenses alone. Furthermore, we note that, because of a discrepancy between Appendix 12, MCM, 1995, (Table of Maximum Punishments), and the correct punishments listed for sodomy offenses under paragraph 51e, MCM, 1995, the military judge and the parties calculated the maximum punishment, incorrectly, to include confinement for 111 years for the offenses of which appellant was found guilty. In fact, the maximum punishment for forcible sodomy included life imprisonment, not confinement for twenty years, as they believed. (Apparently Appendix 12 was not changed to reflect the changes in maximum punishments effected by Executive Order No. 12936, November 12, 1994.) *See* MCM, 1995, Appendix 25. Because of this mistake, the maximum punishment calculated at trial is exactly the same as the maximum punishment for the offenses for which we have approved findings of guilty here.